**COMMONWEALTH of Pennsylvania,
Appellant**

v.

**Karl G. LONG, Appellee.**

Superior Court of Pennsylvania.

Submitted June 25, 2001.

Filed Oct. 18, 2001.

Reargument Denied Dec. 17, 2001.

John W. Peck, Assistant District Attorney, Greensburg, for Com., appellant.

Caroline Roberto, Pittsburgh, for appellee.

Before DEL SOLE, President Judge, McEWEN, President Judge Emeritus, and POPOVICH, J.

DEL SOLE, President Judge.

¶ 1 The Commonwealth appeals from the trial court's order determining that the search warrant issued for the residence of Appellee, Karl Long, was defective and that this defect required suppression of the evidence seized from the residence. Upon review, we reverse.

¶ 2 On October 3, 1999, Ligonier Borough Police officer Robert Derk received a radio transmission of a domestic disturbance at 301 East Main Street in Ligonier. The radio transmission also advised Officer Derk that a woman was possibly dead and that a male had been stabbed. Officer Derk, along with another officer, proceeded to the address. After knocking on the front door, Officer Derk was admitted to the premises by Appellee's son. Officer Derk proceeded upstairs where he found Appellee and his wife, Elaine Long, in a bedroom lying on a bed. Officer Derk observed a bloody knife on the bed and determined that Elaine Long was dead. Appellee stated to Officer Derk that his wife had stabbed him and Officer Derk observed blood on Appellee's chest. Appellee was then lifeflighted to a Johnstown, Pennsylvania hospital.

¶ 3 After arriving at the scene, Officer Derk called the dispatcher and asked to listen to the 911 call. In the 911 call, Appellee stated that: "My wife just stabbed me," "I think I killed her," and "There is a plastic bag on her face."

¶ 4 Officer Derk proceeded to the Ligonier Borough Police Station to prepare an application for a search warrant. Officer Derk signed the declarations of swearing as the Affiant. After preparing the application, Officer Derk drove to the Latrobe Police Department for purposes of using the police department's video conferencing equipment to swear to the application before the district magistrate. The Officer then called District Justice Dalfonso, who was conducting night court. Personnel in the office instructed him to fax the application to the District Justice's office. Officer Derk did as instructed and the District Justice called and informed the officer that he could be sworn over the phone and that use of the video conferencing equipment would not be necessary. The District Justice administered the oath and Officer Derk swore to the truth of the affidavit

and search warrant application over the phone. Thereafter, the District Justice faxed the completed warrant back to Officer Derk.

¶ 5 Officer Derk then notified his dispatcher, who in turn notified officers back at the residence, that the search warrant had been issued. The search warrant was executed and various items were seized from the home.

¶ 6 Karl Long was charged with murder of the first degree[1] and criminal homicide.[2] Prior to trial, Appellee filed an omnibus pretrial motion seeking the suppression of statements made to investigators, evidence seized at the Appellee's residence and evidence seized as a result of several search warrants issued by district justices. Following the suppression hearing, the suppression court denied the motion in all respects except for the evidence seized at Appellee's residence. The court ruled that the search warrant was fatally defective since the oath taken by Officer Derk in support of the application for search warrant was sworn over the telephone and not sworn while Officer Derk was physically in the presence of the district justice. The court ruled this defect required the suppression of the evidence seized at Appellee's residence.

¶ 7 The Commonwealth filed a motion for reconsideration, which the court denied. The Commonwealth filed a timely interlocutory appeal certifying that the court's order suppressing evidence seized at the Appellee's home substantially handicapped the Commonwealth's case. The

court directed the Commonwealth to file a statement of matters complained of on appeal. The Commonwealth complied and the trial court filed a subsequent opinion in response to that statement.

¶ 8 Appellant phrases its first issue on appeal as follows:

Whether, in securing a search warrant, the administration of the affiant's oath by telephone necessitates the suppression of the evidence seized pursuant to the search warrant issued?

Appellant's Brief at 8.[3] Appellant maintains that the trial court erred in granting the motion to suppress evidence obtained at Appellee's residence as a result of the execution of the search warrant obtained by Officer Derk. We agree.

¶ 9 When the Commonwealth appeals an order suppressing evidence, we apply the following standard of review:

... we consider only the evidence of the defendant's witnesses and the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. We are bound by the [suppression] court's findings of fact if they are supported by the record, but we must examine any legal conclusions drawn from those facts.

*Commonwealth v. Pickron,* 535 Pa. 241, 634 A.2d 1093, 1096 (1993).

¶ 10 The trial court held that the warrant issued by District Justice Dalfonso at the request of Officer Derk was not issued according to law and was therefore defective. The trial court found the warrant to

---

1. 18 Pa.C.S.A. § 2502(a).

2. 18 Pa.C.S.A. § 2501.

3. We note that Appellant has violated Pennsylvania Appellate Rules of Procedure 2111(a) and 2116(a) by failing to include in its brief a "Statement of Questions Involved" on appeal. Generally, questions not presented in the "Statement of Questions Involved" are

deemed waived. *See Harkins v. Calumet Realty Co.,* 418 Pa.Super. 405, 614 A.2d 699 (1992). However, in the argument section of its appellate brief, the Appellant identifies the specific issue which we are being asked to review. Therefore, Appellant's failure to comply with Rule 2116(a) does not impede our ability to review the issue, and, accordingly, we will address the merits of its appeal.

be invalid on the basis that Officer Derk was not in the physical presence of the district justice when he took the oath administered by the district justice. The trial court's ruling is based on the language of Rule 203 (formerly Rule 2003(a)) of the Pennsylvania Rules of Criminal Procedure. In relevant part, this Rule provides:

> (a) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

Pa.R.Crim.P. 203.

¶ 11 The trial court, in rendering its decision, interpreted the language "sworn to before the issuing authority," as contained in this rule, to mean that the affiant must take the oath while in the physical presence of the issuing authority. The rule itself makes no mention that the affidavit must be sworn to in the physical presence of the issuing authority and we decline to read this requirement into the rule.

¶ 12 In this case, Officer Derk testified that he prepared the search warrant application and the affidavit based on information known personally to him. He signed both declarations of swearing as the Affiant. Officer Derk took the oath and swore to the affidavit and application as required by the rule. He did so over the phone. There was evidence presented at the suppression hearing that District Justice Dalfonso and Officer Derk knew each other and that Dalfonso recognized Officer Derk over the telephone. Therefore there was no question regarding the identity of the affiant. We find this procedure resulted in the issuance of a valid search warrant.

4. Because we find that the search warrant was valid, we need not address the additional

¶ 13 It must be acknowledged that we live in an age of technology. Today, depositions are taken by telephone or by videoconferencing equipment, and oaths to those witnesses are sworn to over the phone. It is likely that the procedure of taking oaths and swearing to affidavits over the phone for purposes of obtaining warrants will become more and more commonplace. In situations such as the one presented here, where the officer testified that he prepared the affidavit, signed the affidavit and application, was recognized by the issuing authority, and swore to the affidavit and application, albeit over the telephone, the search warrant was obtained legally and was valid. Thus, the warrant issued by the District Justice was valid, and accordingly, the evidence obtained as a result of the execution of this warrant should not be suppressed.[4]

¶ 14 Order reversed.

issues raised by Appellant.