J-S56021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID PAUL KRAUSE | |
| Appellant | No. 2053 MDA 2014 |

Appeal from the Judgment of Sentence November 24, 2014
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000551-2014

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:　　　　　　　**FILED NOVEMBER 04, 2015**

Appellant David Paul Krause appeals from the judgment of sentence entered in the Bradford County Court of Common Pleas following his guilty plea to driving under the influence of alcohol ("DUI"), highest rate.[1]  We affirm.

On October 14, 2014, Appellant pled guilty to DUI, highest rate.  On November 24, 2014, after reviewing a pre-sentence investigation ("PSI") report and determining Appellant had a prior record score ("PRS") of two (2) based on his DUI convictions from 1986, 1994, 1996, and 2000, the trial court sentenced Appellant to thirty (30) days to six (6) months of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(c).

incarceration and ordered him to pay restitution, a fine, and the statutory surcharge. The trial court also directed Appellant to participate in a victim impact panel and to undergo a mandatory full drug and alcohol assessment and comply with all recommendations made therein.

On December 4, 2014, Appellant timely filed a notice of appeal. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on December 22, 2014.

Appellant raises the following issue for our review:

> [WHETHER] THE COURT ERRED IN SENTENCING [APPELLANT] TO THIRTY (30) DAYS IN PRISON BECAUSE IT CONSIDERED THE PREVIOUS DUI'S THAT [APPELLANT] HAD IN HIS LIFETIME WHICH WERE ALL OUTSIDE THE TEN (10) YEAR LOOK BACK PERIOD AND ALREADY CONSIDERED UNDER THE PRIOR RECORD SCORE OF TWO (2)[?]

Appellant's Brief at 2.[2]

Appellant challenges the discretionary aspects of his sentence. He claims the court "did not consider the minimum sentence by simply sentencing the Appellant to thirty (30) days on the basis that three of the

---

[2] We note that Appellant failed to provide a statement of questions involved as required under Pa.R.A.P. 2116. However, because he has identified the specific issue he asks us to review in his "Summary of Argument Presented" section, his failure to comply with Pa.R.A.P. does not impede our ability to review the issue. Accordingly, we will address the merits of Appellant's claim. *See Commonwealth v. Long*, 786 A.2d 237, 239 n.3 (Pa.Super.2001) *aff'd,* 819 A.2d 544 (Pa.2003).

prior four DUI's of [Appellant] were in New York and that state according to the judge went light on DUI's." Appellant's Brief at 4. Appellant argues the court should have sentenced him to seventy-two (72) hours' incarceration because that was the minimum sentence for his DUI conviction with a prior record score of two (2), and that it erred by failing to do so. *Id.* We disagree.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Presently, Appellant filed a timely notice of appeal and preserved his issues at sentencing. Further, Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at IV. We now must determine whether Appellant presents

a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super.2011). Further:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (internal citations omitted).

Here, Appellant claims the court considered his prior DUI's that were already factored into his prior record score when fashioning his sentence. He argues this resulted in a minimum sentence of thirty (30) days' incarceration when it should have only been seventy-two (72) hours if the court had properly applied the guidelines. "A claim that the sentencing court misapplied the Sentencing Guidelines presents a substantial question." *Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa.Super.2007). Thus, we grant Appellant's petition for allowance of appeal and address the merits of his claim.

We review Appellant's sentencing claim under the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored

or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa.Super.2014) (*en banc*), *appeal denied,* 104 A.3d 1 (Pa.2014).

Appellant was convicted under the following statute:

> **(c) Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802.

The DUI statute provides, in pertinent part:

> **(c) Incapacity; highest blood alcohol; controlled substances.--**An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:
>
> (1) For a first offense, to:
>
> > (i) undergo imprisonment of not less than 72 consecutive hours;
> >
> > (ii) pay a fine of not less than $1,000 nor more than $5,000;
> >
> > (iii) attend an alcohol highway safety school approved by the department; and
> >
> > (iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.
>
> (2) For a second offense, to:

(i) undergo imprisonment of not less than 90 days;

(ii) pay a fine of not less than $1,500;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

(3) For a third or subsequent offense, to:

(i) undergo imprisonment of not less than one year;

(ii) pay a fine of not less than $2,500; and

(iii) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S. § 3804.

The calculation of prior offenses for sentencing under the DUI statute is governed by the following statute:

> **(b) Repeat offenses within ten years.--**The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, whether or not judgment of sentence has been imposed for the violation, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the sentencing on the present violation for any of the following:
>
> (1) an offense under section 3802;

75 Pa.C.S. § 3806.

Regarding PRS for DUI's, we observe:

> The Sentencing Guidelines provide for calculation of a defendant's PRS based on prior convictions. **See** 204 Pa.Code §§ 303.4–303.8. For purposes of calculating a PRS, the guidelines define prior convictions as follows: "A prior conviction means 'previously convicted' as defined in 42 Pa.C.S. § 2154(a)(2).... In order for an offense to be considered in the Prior Record Score, both the commission of and conviction for the previous offense must occur before the commission of the current offense." 204 Pa.Code 303.5. Pursuant to section 303.7 of the guidelines, one point "is added for each prior conviction ... Driving Under the Influence of Alcohol or Controlled Substance, *except for a first offense.*" 204 Pa.Code 303.7(a)(4) (emphasis supplied).

**Commonwealth v. Cook**, 941 A.2d 7, 12 (Pa.Super.2007).

Here, the court considered that Appellant's DUI, highest rate, conviction, with his prior record score of two, based on his prior DUI convictions, yielded a standard range sentence of seventy-two hours to two months, with an aggravated range of three months. N.T., 11/24/14, at 1. After reviewing the PSI report[3] and the victim impact statement and listening to Appellant and the Commonwealth present argument, the court sentenced Appellant to thirty (30) days to six (6) months of incarceration, which is within the standard range. The court did not err by noting Appellant's prior convictions that were included in the PRS and it did not abuse its discretion in sentencing Appellant. **See Commonwealth v.**

---

[3] "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations." **Commonwealth v. Ventura**, 975 A.2d 1128, 1134 (Pa.Super.2009)

*Moury*, 992 A.2d 162, 171 (Pa.Super.2010) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.").

Judgment of sentence affirmed.

Judge Shogan joins in the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015