J-S58030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RANDALL S. POSENO | |
| Appellant | No. 266 MDA 2016 |

Appeal from the Judgment of Sentence January 12, 2016
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-SA-0000089-2015

BEFORE:  GANTMAN, P.J., BOWES AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 22, 2016**

Randall S. Poseno appeals from the judgment of sentence of a fine plus costs imposed after he was convicted of speeding, a summary offense. We affirm.

During the early afternoon of July 3, 2015, Pennsylvania State Police Sergeant Matthew Nickey was positioned along Route 15 in Adams County monitoring southbound traffic with a radar device. The posted speed limit on that road was sixty-five miles per hour. At 12:08 p.m., Sergeant Nickey clocked a silver Chrysler sedan traveling at eighty-five miles per hour. Sergeant Nickey effectuated a traffic stop. Appellant was the driver of the vehicle.

_____
*  Retired Senior Judge assigned to the Superior Court.

After Sergeant Nickey spoke with Appellant, he returned to his cruiser and completed a citation for speeding in violation of 75 Pa.C.S. § 3362.[1] He did not print the citation since he had run out of citation numbers, which can be downloaded only in groups, and the citation in question could not be issued a number. Sergeant Nickey informed Appellant that he would receive the citation by mail, immediately returned to the police station, obtained additional citation numbers, added a citation number to Appellant's citation, and printed it. Sergeant Nickey then filed the citation with the court.[2]

A magisterial district judge found Appellant guilty. Following a *de novo* summary appeal hearing, the court found Appellant guilty of speeding and ordered him to pay a fine of $52.50 plus costs. Appellant filed a timely notice of appeal, and subsequently, filed his Rule 1925(b) concise statement of matters complained of on appeal. The court then issued its Rule 1925(a)

---

[1] The Vehicle Code reads, in pertinent part, "except when a special hazard exists that requires lower speed for compliance with section 3361 (relating to driving vehicle at safe speed), the limits specified in this section or established under this subchapter shall be maximum lawful speeds and no person shall drive a vehicle at a speed in excess of the following maximum limits . . . (1.1) 65 miles per hour . . . for all vehicles on freeways where the department has posted a 65-miles-per-hour . . . speed limit." 75 Pa.C.S. § 3362.

[2] We note that, although Sergeant Nickey observed Appellant traveling at eighty-five miles per hour, he issued the citation for seventy-five miles per hour "to give [Appellant] a little bit of a break on the points and the fine." N.T., 1/12/16, at 10-11.

opinion. This matter is now ready for our review. Appellant raises a single question for our consideration:

> Whether the Trial Court abused its discretion in judging Appellant guilty of speeding, inasmuch as the Commonwealth failed to prove beyond a reasonable doubt that it was defendant's vehicle that was exceeding the posted speed limit by ten miles per hour[?]

Appellant's brief at 4.

Appellant's primary contention challenges the sufficiency of the Commonwealth's evidence that he was speeding. He maintains that Sergeant Nickey mistakenly issued him a citation after the fact. Appellant argues he was actually traveling at sixty-five miles per hour, and Sergeant Nickey initiated the stop only to warn Appellant that it was illegal to drive in the left lane when not passing another car. In addition, Appellant asserts that the certificate of accuracy for the radar was not signed by a "designee of the Secretary of Transportation," and, therefore, the radar was not properly certified for use. Appellant's brief at 11.

Our scope and standard of review of sufficiency claims is well-settled. In analyzing a sufficiency challenge,

> we must determine whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable a fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weight the evidence and substitute our judgment for that of the fact-finder.
>
> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of

- 3 -

innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa.Super. 2015) (citations omitted).

To sustain a conviction for speeding, the Commonwealth must show beyond a reasonable doubt that: 1) the defendant was driving in excess of the speed limit; 2) the speed timing device was approved by the Department of Transportation; and, 3) the device was calibrated and tested for accuracy within prescribed time period by a station which has been approved by the department. ***Commonwealth v. Kittelberger***, 616 A.2d 1, 3 (Pa.Super. 1992) (citation omitted).

Instantly, the Commonwealth offered the testimony of Sergeant Nickey. Sergeant Nickey testified, and the court credited, that he observed Appellant traveling at an excessive rate of speed on a stretch of roadway with a properly posted speed limit of sixty-five miles per hour. His observation was confirmed by hand-held radar, which indicated Appellant was driving at eighty-five miles per hour. The Commonwealth also presented a certificate of accuracy for the radar, which was entered into

evidence without objection. That document specified that the unit was certified by YIS/Cowden Group, Inc. on January 2, 2015, well within the one-year limit required by statute. *See* 75 Pa.C.S. § 3368(d). The court took judicial notice of the Pennsylvania Bulletin wherein the testing facility and hand-held radar were listed as certified.[3] Thus, we find the Commonwealth established beyond a reasonable doubt that Appellant operated his vehicle above the maximum speed limit.

Appellant also assails the propriety of the certificate of accuracy based on insufficient evidence that the tester was a "designee of the Secretary of Transportation." Appellant's brief at 11. This argument has been waived. Appellant did not object to the admission of the certificate at trial, and issues not raised at trial may not be raised for the first time on appeal. *See Commonwealth v. Jaynes*, 135 A.3d 606, 613 (Pa.Super. 2016) (failure to raise a timely objection at trial waives the claim on appeal); Pa.R.A.P. 302(a). We further observe that Appellant's argument is premised upon a

---

[3] A review of the Commonwealth's exhibit reveals that the certified testing station at issue was YIS/Cowden Group, Inc., rather than Guth Laboratories as stated by Sergeant Nickey. *See* N.T., 1/12/16, at 5-7. The Commonwealth also erroneously requested that the court take judicial notice of the laboratory's certification in Volume 45, Number 1, pages 88-96 of the Pennsylvania Bulletin. Notice of certification for both laboratories is located at Volume 45, Number 51, pages 7254-7257 of the Pennsylvania Bulletin. These inconsistencies do not affect the substance of the evidence adduced at trial, and we note them here for accuracy's sake.

fundamental misreading of the relevant law, and therefore, he would not be afforded relief even if the matter were properly before us.[4]

Finally, to the extent that Appellant's passing reference to Pennsylvania Rule of Criminal Procedure 410[5] challenges the procedure by which Sergeant Nickey issued his citation, that issue is waived. Appellant raised a similar claim in his Rule 1925(b) statement, and the trial court addressed that issue in its opinion. However, Appellant failed to include this issue in his statement of questions involved on appeal in violation of Pa.R.A.P. 2116, and it is not fairly suggested by the sufficiency issue presented herein. In addition, Appellant has not fully articulated his

---

[4] Appellant relies on **Commonwealth v. Gussey**, 466 A.2d 219, 224 (Pa.Super. 1983) (citing **Commonwealth v. Gernsheimer**, 419 A.2d 528, 530 (Pa.Super. 1980)) for the proposition that the certificate of accuracy must be signed by a "designee of the Secretary of Transportation." Appellant's brief at 11. However, the relevant authority reads, in pertinent part, that the certificate must be "certified by the Secretary of Transportation or his designee certifying the agency which performs the test on the devices is an official testing station . . . [and] must be signed by the person who performed the tests[.]" Appellant's claim that the tester must be a designee of the Secretary of Transportation is belied by the clear language of the above quoted statement which indicates it must be certified by the Secretary of Transportation or a designee, but merely signed by the tester.

[5] Pennsylvania Rule of Criminal Procedure 410 specifies that, "when it is not feasible to issue the citation to the defendant or when evidence is discovered after the issuance of a citation that gives rise to additional summary charges against the defendant resulting from the same incident, a law enforcement officer shall institute a criminal proceeding in a summary case by filing a citation with the proper issuing authority." Pa.R.Crim.P. 410.

position, noting only that Sergeant Nickey was prevented from issuing a citation in person due to a computer malfunction. Appellant does not bolster this position with case law or provide legal argument to explain how Sergeant Nickey's purported deviation from protocol entitles him to relief. Hence, we find this issue waived. ***Commonwealth v. Long***, 786 A.2d 237, 239 n.3 (Pa.Super. 2001) (citation omitted) (observing "generally, questions not presented in the 'Statement of Questions Involved' are deemed waived"); ***Commonwealth v. Gonzalez***, 112 A.3d 1232, 1240 (Pa.Super. 2015) (citation omitted) (finding issue waived where appellant failed to cite any legal authority).

In summary, the Commonwealth adduced sufficient evidence to convict Appellant of speeding, and Appellant's other contentions are waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/22/2016</u>