J-S46004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FRANK POMETTI | |
| Appellant | No. 253 MDA 2017 |

Appeal from the Order Entered January 9, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000829-2016

BEFORE: BOWES, J., OLSON, J., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.: **FILED JULY 26, 2017**

Frank Pometti appeals *pro se* from the order denying his motion for return of property as untimely. We affirm.

On March 26, 2016, Appellant was apprehended by police after he fled the scene of a four-vehicle accident on North Lincoln Avenue, Lackawanna County. Upon capture, he possessed sixty-seven individually packaged glassine bags of heroin, two oxycodone pills, two suboxone sublingual films, $756.00 in cash, and a cellphone. Appellant displayed signs of intoxication, including slurred speech and pinpoint pupils, and he appeared to be falling asleep. After being placed under arrest, Appellant refused to consent to a blood test.

---

* Former Justice specially assigned to the Superior Court.

Based on the foregoing, Appellant was charged with possession of a controlled substance with intent to deliver, driving under the influence ("DUI"), possession of drug paraphernalia, accidents involving damage to unattended vehicles, failure to report an accident to police, and three counts of possession of a controlled substance. On October 5, 2016, Appellant pled guilty to one count of DUI, two counts of possession, and one count of accidental damage to an unattended vehicle. The court *nolle prossed* the remaining charges. On November 30, 2016, the court imposed an aggregate sentence of six to twelve months incarceration followed by six months probation. Appellant did not file a post-sentence motion or a notice of appeal to this Court.

On January 9, 2017, Appellant filed a motion for return of property pursuant to Pa.R.Crim.P. 588.[1] In that motion, Appellant requested that the

---

[1] Rule 588 of the Rules of Criminal Procedure reads:

(A)    A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B)    The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

*(Footnote Continued Next Page)*

cash and cellphone seized during his arrest be returned to him. On that same day, the court denied Appellant's motion as untimely. Appellant filed a timely notice of appeal and complied with the court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The court authored a Rule 1925(a) opinion. This matter is now ready for our review.

Appellant's brief does not include a concise recitation of his question presented on appeal in violation of Pa.R.A.P. 2116. Generally, issues not presented in the statement of questions involved are deemed waived on appeal. *Commonwealth v. Long*, 786 A.2d 237, 239 n.3 (Pa.Super. 2001) (citation omitted) (noting "generally, questions not presented in the 'Statement of Questions Involved' are deemed waived."); *Commonwealth v. Bryant*, 57 A.3d 191, 196 n.7 (Pa.Super. 2012) (finding weight and sufficiency challenges waived for failure to include them in statement of questions presented). Insofar as Appellant has failed to memorialize his challenge to the trial court's denial of his motion in a statement of the question presented, we find the issue waived. *Long*, *supra*; Pa.R.A.P. 2116.

---

*(Footnote Continued)*

    (C)    A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588.

Assuming, *arguendo*, that Appellant's various challenges to the trial court's denial of his motion for return of property was properly before us, he would not be entitled to relief. Appellant concedes that he filed his motion for return of property at least thirty-four days after the imposition of his sentence.[2] Appellant relies on the dissenting opinions authored by Justices Saylor and Todd in **Commonwealth v. Allen**, 107 A.3d 709 (Pa. 2014), for the proposition that imposing a thirty-day limitation on filing motions for the return of one's property violates due process, the Controlled Substances Forfeiture Act, and the Unclaimed Property Act. Thus, he concludes that his property should be returned to him.

This Court is bound by the rulings of the majority position of our High Court. In **Allen**, the Supreme Court noted that Rule 588 "does not directly address the question of timing[.]" **Id**. at 716. It observed, however, that the motion "must 'be filed in the court of common pleas for the judicial district in which the property was seized.'" **Id**. (citing Pa.R.Crim.P. 588(A)). Thus, it concluded, "a return motion is timely when it is filed by an accused

_____

[2] Appellant implies, without arguing, that the timeliness of his motion to return property should be calculated from the date he mailed the document, according to the prisoner mailbox rule, as opposed to the date it was docketed in the lower court. Appellant claims he mailed the motion on January 3, 2017, thirty-four days after he was sentenced. The document was docketed on January 9, 2017, forty days after he was sentenced. Based on our disposition, application of the prisoner mailbox rule does not entitle Appellant to relief.

in the trial court while that court retains jurisdiction, which is up to **thirty days** after disposition." *Id*. at 717 (emphasis added) (citing 42 Pa.C.S. § 5505 (a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken)). As Appellant filed his motion for return of property after the thirty-day period during which the trial court retained jurisdiction over his matter, it was untimely. Hence, no relief is warranted.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2017