J-S42013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL WILLIAM TALBERT, | |
| Appellant | No. 2031 MDA 2016 |

Appeal from the PCRA Order November 15, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002721-2011

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 18, 2017**

Appellant, Paul William Talbert, appeals from the order entered on November 15, 2016, denying Appellant relief on his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant factual background and procedural history of this case are as follows.  On March 25, 2011, Appellant was charged with a number of crimes, including aggravated indecent assault of a person less than 16 years of age, indecent assault, and corruption of minors.[1]  Appellant proceeded to a jury trial, where the victim testified that Appellant is her stepfather and

_____

[1] 18 Pa.C.S.A. §§ 3125(a)(8), 3126(a)(8), and 6301(a)(1), respectively.

that he began sexually abusing her when she was around 12 years of age. As the victim testified, Appellant is a long-haul truck driver and Appellant first sexually abused her in his truck, when he was on a work-trip to New Jersey. N.T. Trial, 8/12/13, at 81-83. The victim testified that, during this incident, Appellant "tried to put his dick in [her] vagina," but that she could not remember whether Appellant succeeded in doing so. *Id.* at 83-84.

The victim testified that Appellant next sexually assaulted her approximately one to two years later and that, after the second time, Appellant sexually abused her about "once or twice a month" until she was 16 years old. *Id.* at 86 and 89. Further, the victim testified that, during the later instances of abuse, Appellant "would either rub [her] clit[oris] or put his finger in" her vagina – and that Appellant did so "multiple" times. *Id.* at 89-94.

On August 13, 2013, a jury convicted Appellant of the above-mentioned crimes and, on April 21, 2014, the trial court sentenced Appellant to serve a term of two-and-a-half to five years in prison, followed by five years of probation. N.T. Sentencing, 4/21/14, at 73-74. This Court affirmed Appellant's judgment of sentence on August 4, 2015; our Supreme Court denied Appellant's petition for allowance of appeal on December 16, 2015. *Commonwealth v. Talbert*, 131 A.3d 81 (Pa. Super. 2015) (unpublished memorandum) at 1-14, *appeal denied*, 128 A.3d 220 (Pa. 2015).

On February 3, 2016, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel and Appellant filed an amended petition on May 16, 2016. The PCRA court held hearings on May 27, and July 29, 2016. On November 16, 2016, the PCRA court denied relief. This timely appeal follows.[2]

_____

[2] On December 13, 2016, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant filed his Rule 1925(b) statement on January 3, 2017 and, within the statement, Appellant listed the following claims:

> 1. The [trial] court erred in finding that trial counsel was not ineffective for failing to cross examine and impeach the [] victim at trial with her alleged inconsistencies regarding:
>
>> a. The identity of the [] abuser;
>>
>> b. The timing of the [] abuse;
>>
>> c. Whether penetration of the [] victim's vagina actually occurred;
>>
>> d. The allegation of rectal intercourse;
>>
>> e. The location of the abuse allegedly occurring in the truck;
>>
>> f. Whether [Appellant] removed her underwear during the abuse that [] occurred in the truck;
>>
>> g. The frequency of the [] abuse occurring in the truck;
>>
>> h. The identity of the first person the victim allegedly disclosed the abuse;
>>
>> i. The allegation of [Appellant] fondling her breasts;

*(Footnote Continued Next Page)*

Although Appellant has failed to list the issues presented on appeal, Appellant argues the following claims in his brief to this Court:

1. Because the failure to cross-examine [the victim] on prior inconsistent statements is both of arguable merit and raises a reasonable probability of a different verdict, the [trial] court erred.

2. Because trial counsel's failure to call multiple witnesses regarding prior inconsistent statements of [the victim] is both of arguable merit and raises the reasonable probability of a different verdict, the [trial] court erred.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

j. The age of the victim when the first and last incidents occurred;

k. The descriptions of the last incident of alleged abuse.

2. The lower court erred in denying [Appellant's] PCRA petition for after discovered exculpatory evidence pursuant to [42 Pa.C.S.A. § 9543(a)(2)(vi)] by:

. . .

e. Ruling that Exhibit 7, the undated letter signed "Dear Dad" was not relevant, and not exculpatory and would not be likely to compel a different verdict.

. . .

3. The [trial] court erred in finding that trial counsel was not ineffective for failing to adequately investigate and prepare pretrial as a result of [Appellant's] lack of communication and lack of understanding due to his Asperger's.

Appellant's Rule 1925(b) Statement, 1/3/17, at 1-2 (some internal capitalization omitted).

3. Trial counsel's failure to develop an adequate trial strategy because of his insufficient communication with [Appellant] requires a new trial.

4. Because trial counsel's failure to introduce prior inconsistent statements of [the victim] regarding the charged offense is both of arguable merit and raises the reasonable probability of a different verdict, the [trial] court erred.

Appellant's Brief at 1-30.[3, 4]

As we have stated:

[t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at

_____

[3] Appellant failed to include a Pennsylvania Rule of Appellate Procedure 2116 "statement of questions involved" section in his brief. Rule 2116(a) declares that "[n]o question will be considered [on appeal] unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). However, pursuant to our case law, we "may overlook [a Rule 2116 violation] when an appellant raises the question[] involved in some other portion of his brief [and when the violation] does not impede our ability to review the issue[]." *Commonwealth v. Clinton*, 683 A.2d 1236, 1239 (Pa. Super. 1996). In this case, Appellant clearly raises the issues he wishes to present to this Court in the argument section of his brief. Appellant's Brief at 1-30. Thus, since Appellant clearly and distinctly "identifies the specific issue[s] . . . in the argument section of [the] appellate brief . . . Appellant's failure to comply with Rule 2116(a) does not impede our ability to review the issue[s]," and, accordingly, we will not find waiver for failure to comply with Rule 2116. *Commonwealth v. Long*, 786 A.2d 237, 239 n.3 (Pa. Super. 2001).

[4] For ease of discussion, this Court has reorganized Appellant's claims on appeal.

the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Id.***

First, Appellant claims that trial counsel was ineffective for failing to adequately cross-examine the victim regarding alleged prior inconsistent statements. Appellant's Brief at 13. Specifically, Appellant argues that trial counsel was ineffective for failing to cross-examine the victim regarding her alleged prior inconsistent statements about: "whether penetration occurred [and] the specific part of the body that she alleged [Appellant] penetrated and violated" when the victim was 12 years old and the two were in New Jersey, inside of Appellant's truck; "the number of times there were truck rides during which [the victim] touched [Appellant];" and, "the frequency of the incidents in the truck." Appellant's Brief at 15-18.[5]

At the outset, Appellant has failed to identify any portion of the record in which an inconsistency may be found regarding "the number of times there were truck rides during which [the victim] touched [Appellant]" and "the frequency of the incidents in the truck." **See** Appellant's Brief at 7-10 and 13-18. Therefore, these claims are waived. **Commonwealth v. Spotz**, 716 A.2d 580, 585 n.5 (Pa. 1999) ("[the Pennsylvania Supreme Court] has held that an issue will be deemed to be waived when an appellant fails to

---

[5] Within Appellant's PCRA petition, Appellant claimed that trial counsel was ineffective for failing to cross-examine the victim on a number of additional, alleged inconsistencies. We note that Appellant has waived any claim that is not contained in the argument section of his brief. **Commonwealth v. Phillips**, 141 A.3d 512, 522 (Pa. Super. 2016) (issues "not developed in the [b]rief's argument section will be deemed waived").

properly explain or develop it in his brief"); ***Commonwealth v. Perez***, 93 A.3d 829, 838 (Pa. 2014) ("to the extent appellant's claims fail to contain developed argument or citation to supporting authorities and the record, they are waived").

Appellant also claims that trial counsel was ineffective for failing to cross-examine the witness regarding "whether penetration occurred [and] the specific part of the body that she alleged [Appellant] penetrated and violated" when the victim was 12 years old and the two were inside of Appellant's truck, in New Jersey. Appellant's Brief at 17. This claim fails.

Appellant's argument arises from an alleged incident that took place in New Jersey when the victim accompanied Appellant on a truck ride. Appellant was not on trial regarding any conduct alleged to have occurred during this incident. Testimony regarding this incident was admissible only for a limited purpose, to show Appellant's "passion or propensity for illicit sexual relations with [the victim]." PCRA Court Opinion, 11/15/16, at 7; ***see also Commonwealth v. Dunkle***, 602 A.2d 830, 839 (Pa. 1992) (evidence of "prior sexual misconduct with the victim is admissible to show a passion or propensity for illicit sexual relations with the particular person concerned in the crime on trial") (internal quotations, citations, and corrections omitted).

Further, while there may have been slight variances in statements the victim gave during interviews and what she testified to at trial, these

variances were *de minimis* and reasonable given that the alleged incident occurred about seven years prior to the trial. Thus, Appellant was not prejudiced by trial counsel's failure to cross-examine the victim on *de minimis* inconsistencies on a collateral matter. ***Commonwealth v. Vandivner***, 130 A.3d 676, 696 (Pa. 2015) ("a petitioner seeking relief under the PCRA must demonstrate prejudice by showing there is a reasonable probability that the result of the proceeding would have been different"). Therefore, this claim fails.

Appellant next argues that trial counsel was ineffective for failing to call multiple witnesses who would have testified that the victim made prior inconsistent statements. Appellant's Brief at 18. Appellant did not include this claim in his Rule 1925(b) statement. Therefore, the claim is waived. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement . . . are waived").

In his third claim, Appellant alleges that trial counsel was ineffective for not adequately investigating and preparing for trial due to a lack of communication with Appellant. Appellant claims that this lack of communication was caused by his own inability to communicate effectively as a result of having Asperger Syndrome. Appellant's Brief at 22. Appellant further argues that he was unable to understand what was happening at trial or aid in his own defense, and therefore a new trial is warranted. ***Id.*** at 23. The PCRA court heard testimony and received evidence regarding this claim

and concluded that trial counsel was not ineffective for failing to communicate with Appellant or for failing to prepare and investigate for trial. PCRA Court Opinion, 11/15/16, at 32. We agree.

Prior to trial, Appellant received a competency evaluation and was told by his own expert that he was competent to stand trial. Specifically, the expert found:

> [Appellant's] current therapist went so far as to diagnose [Appellant] with Asperger's Disorder. [Appellant] has many features of Asperger's Disorder. A hallmark symptom is his social autism; however, [Appellant] fails to meet the criteria for repetitive restrictive and stereotype patterns of behavior. While they may be present, there is no evidence of them in the materials presented to this examiner. Furthermore, Asperger's Disorder is a diagnosis typically diagnosed in childhood or adolescence. [Appellant] was treated in adolescence for depression and anxiety. At no time was he diagnosed with any of the autism spectrum disorders. These would clearly have developed by that point.
>
> . . .
>
> [Appellant] was able to relate the charges and allegations against him. He was able to demonstrate understanding of his possible and probable sentences. He knew who his attorney was and the Judge on the case. He was able to define a court of law. He was able to identify the various components of a court of law and describe their functions. These included judge, jury, prosecuting attorney, defense attorney, defendant, stenographer, and witness. He was able to define a plea. He was able to identify the various pleas and describe them well. These included guilty, not guilty, nolo contendere, not guilty by reason of insanity, guilty but mentally ill[,] and plea bargain. To those of which he was not immediately familiar, he was readily educated.
>
> . . .

The defendant was able to demonstrate the capacity to communicate a choice. He had the ability to understand the information relevant to his case. He had the ability to understand his situation and its relevant consequences. He was able to manipulate information rationally, relevantly and apply it to a personal value system. The defendant has the verbal articulation skills required to cooperate with his attorney in the preparation of his defense and to challenge his accusers. This opinion is considered stable over time.

PCRA Court Opinion, 11/15/16, at 30-31, *citing* Forensic Psychiatric Evaluation, 1/22/13, at 3-4. Trial counsel testified that, during the trial, he "had no reason to suspect that [Appellant] wasn't comprehending what [counsel was] telling him" and "[Appellant] gave the appearance that he understood." N.T. PCRA Hearing, 7/29/16, at 15. It was not until after the trial ended did Appellant ever indicate that he did not understand. Further, the trial court conducted a colloquy with Appellant to determine whether his decision not to testify was made knowingly and intelligently. N.T. Trial, 8/13/13, at 160-164. During the colloquy, Appellant answered the questions appropriately and declared that he understood what was being said. *Id.* at 161.

Moreover, there were numerous instances on the record where Appellant aided in his own defense. For instance, Appellant provided trial counsel with a letter that was written to him by the victim. N.T. PCRA Hearing, 7/29/16, at 10-11. Trial counsel also testified that prior to trial, "there were a lot of things I asked for and we discussed." *Id.* at 11. Trial counsel also testified that he explained and discussed with Appellant the *voir*

*dire* process, calling witnesses, cross-examination, and general trial strategy, and that Appellant appeared to understand. ***Id.*** at 14.

Given these facts, we conclude that the PCRA court did not abuse its discretion when it concluded that counsel was not ineffective for failing to adequately communicate with Appellant or prepare and investigate for trial.

In his last claim, Appellant contends he is entitled to relief based on exculpatory after-discovered evidence. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi). To obtain relief on this basis, Appellant must plead and prove by a preponderance of the evidence the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial had it been introduced." ***Id.*** To obtain relief based on after-discovered evidence, an appellant must show that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012), *citing* ***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008). To determine whether the evidence is "of such nature and character" to compel a different verdict in a new trial, a court should consider "the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction."

- 12 -

*Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010), *appeal denied*, 14 A.3d 826 (Pa. 2010).

In his PCRA petition, Appellant raised a number of issues regarding after-discovered evidence. However, in his brief, Appellant limits his argument to a letter that was allegedly written by the victim and dated November 14, 2010. Appellant's Brief at 26. As described in Appellant's PCRA petition:

> [The h]andwritten letter from [the victim] to her "Dad", presumably [Appellant's brother, Glenn Talbert], dated November [14], 2010, in which she states, among other things, that ". . . mom is protective of me, even though she doesn't know me." Additionally, the letter makes no reference to the incidents that allegedly occurred between her and [Appellant].

Appellant's PCRA Petition, 2/8/16, at ¶ 26e.

It is unknown whether the letter was intended for Appellant or Appellant's brother. Appellant argues that if the letter were intended for his brother, "the fact that the alleged victim fails to reveal alleged sexual abuse tends to make the occurrence of the alleged abuse less likely." Appellant's Brief at 29. If, however, the letter were intended for Appellant, he argues, "the fact that the alleged victim would write a letter of such sentiments to the person allegedly abusing her likewise makes the occurrence of the alleged abuse less likely." ***Id.***

First, the letter was found by Appellant's sister in the house where Appellant lived. At the PCRA hearing, Appellant's sister testified that it is

- 13 -

possible the letter could have been found prior to trial, but was not. N.T. PCRA Hearing, 7/29/16, at 29. The letter was not signed by the victim and Appellant did not call the victim as a witness during the PCRA hearing to verify she authored the letter. It is unknown who the intended recipient of the letter was. Furthermore, the fact that the letter does not mention the sexual abuse is not significant, as the absence of the statement is (at most) of negligible relevancy to prove the absence of the abuse. Accordingly, the PCRA court properly denied Appellant relief on this claim.

Therefore, based on our standard of review and the rationale explained above, Appellant failed to establish that his trial counsel was ineffective. Further, Appellant did not meet the burden of proving his after-discovered evidence claim. Thus, we conclude that the PCRA court's order, denying Appellant post-conviction collateral relief, is supported by the record and is free of legal error.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/2017