J-S64045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN MICHAEL WALLICK | : | |
| | : | |
| Appellant | : | No. 1761 MDA 2016 |

Appeal from the Judgment of Sentence September 23, 2016
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005884-2010

BEFORE:   PANELLA, J., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                **FILED NOVEMBER 01, 2017**

Appellant, Jordan Michael Wallick, appeals from his judgment of

sentence of thirty years' to life imprisonment.  Appellant argues that the

length of his sentence was both illegal and an abuse of discretion.  We affirm.

On July 28, 2010, Appellant shot and killed James Wallmuth during a

robbery.  Appellant was fifteen years old on the date of this crime.  On April

5, 2012, a jury found Appellant guilty of second-degree murder,[1] robbery[2] and

conspiracy to commit robbery.[3]  On May 21, 2012, the trial court imposed the

then-mandatory sentence of life imprisonment without parole ("LWOP") for

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502.

[2] 18 Pa.C.S. § 3701.

[3] 18 Pa.C.S. § 903.

second-degree murder and concurrent terms of imprisonment for robbery and conspiracy.

Appellant filed a timely direct appeal. On March 5, 2014, this Court reversed and remanded for resentencing in accordance with *Miller v. Alabama*, 567 U.S. 460 (2012) (mandatory LWOP for individuals under age eighteen at time of their crimes violates Eighth Amendment's prohibition against cruel and unusual punishment). *See Commonwealth v. Wallick*, 100 A.3d 295 (Pa. Super. 2014) (unpublished memorandum). On December 30, 2014, our Supreme Court denied the Commonwealth's petition for allowance of appeal at 575 MAL 2014.

On August 22 and August 23, 2016, the trial court held an evidentiary hearing concerning Appellant's sentence. On September 23, 2016, the trial court resentenced Appellant to thirty years to life imprisonment for his second-degree murder conviction and concurrent terms of imprisonment for robbery and conspiracy. On October 21, 2016, Appellant filed a timely direct appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

In his appellate brief, Appellant raises only one issue in his statement of questions presented:

> Whether the [trial] court abused its discretion when it resentenced [Appellant] to a sentence of [thirty] years with a tail of life?

Appellant's Brief at 4.

Appellant's question only implicates the discretionary aspects of sentencing—but in the body of his brief Appellant also raises a challenge to the legality of his sentence. Specifically, he writes:

> There is no current legal sentence for a conviction of second degree murder committed by a minor. Therefore, the trial court erred in sentencing [Appellant] because, respectfully, [it does] not have the authority to sentence a defendant without an appropriate and legal statute. The only legal recourse would be to sentence [Appellant] under the only criminal homicide statute with legal sentencing at the time of the conviction. This would be the sentence for third degree murder, which carries a sentence of [twenty] to [forty] years of incarceration.

Appellant's Brief at 10-11. We will disregard Appellant's failure to raise the issue of legality in his statement of questions presented, because this omission does not impede appellate review. *See Commonwealth v. Batts*, 163 A.3d 410, 434 (Pa. 2017) ("*Batts II*") ("A challenge to the legality of a particular sentence may be reviewed by any court on direct appeal; it need not be preserved in the lower courts to be reviewable and may even be raised by an appellate court *sua sponte*" (citation omitted)); *see also Commonwealth v. Long*, 786 A.2d 237, 239 n.3 (Pa. Super. 2001) (excusing appellant's failure to include issue in statement of questions presented, where argument section of brief adequately identified issue).

We begin by addressing Appellant's argument that his sentence is illegal. When reviewing the legality of a sentence, "our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Brown*,

159 A.3d 531, 532 (Pa. Super. 2017) (citation omitted). For the following reasons, Appellant's sentence is legal.

In 2012, the legislature responded to **Miller v. Alabama** by passing 18 Pa.C.S. § 1102.1, which

> provides that an individual between the ages of [fifteen] and [seventeen] years old convicted of first-degree murder after June 24, 2012 must be sentenced to a maximum term of life imprisonment. 18 Pa.C.S.[] § 1102.1(a)(1). The minimum term of imprisonment for such an offender can be set anywhere from [thirty-five] years to . . . LWOP . . . .
>
> Section 1102.1 [also] provides that an individual between the ages of [fifteen] and [seventeen] years old convicted of second-degree murder after June 24, 2012 must be sentenced to a maximum term of life imprisonment. 18 Pa.C.S.[] § 1102.1(c)(1). The minimum term of imprisonment for such an offender can be set anywhere from 30 years to . . . LWOP . . . .

**Commonwealth v. Seskey**, — A.3d —, 2017 WL 3667543, at *3 (Pa. Super. Aug. 25, 2017).

Our Supreme Court has held, however, that section 1102.1 does not apply to minors who were convicted of first or second-degree murder prior to June 25, 2012. **See Commonwealth v. Batts**, 66 A.3d 286, 293 (Pa. 2013) ("**Batts I**"); **Batts II**, 163 A.3d at 421. For such defendants, the trial court has the discretion to impose LWOP for first or second-degree murder, but if it elects not to impose LWOP, it **must** impose both a minimum sentence **and** a maximum sentence of life imprisonment with the possibility of parole. **See**, **e.g.**, **Batts II**, 163 A.3d at 421.

This Court has issued two published opinions applying *Batts I* and *Batts II*: *Seskey* and *Commonwealth v. Melvin*, — A.3d —, 2017 WL 4159284 (Pa. Super. Sep. 20, 2017). In *Seskey*, the defendant was sentenced to LWOP in 1994 for first degree murder that he committed as a minor. Following *Miller*, the trial court resentenced the defendant to thirteen to twenty-six years' imprisonment. The Commonwealth appealed, claiming that the trial court was required to impose a maximum sentence of life imprisonment with the possibility of parole. This Court held that the defendant's maximum term of twenty-six years' imprisonment was illegal and remanded for resentencing. *Seskey*, 2017 WL 3667543, at *4.

In *Melvin*, the defendant was convicted of second degree murder for a murder that he committed as a juvenile, and he was sentenced to LWOP in 2005. Subsequent to *Miller*, the trial court vacated the defendant's original sentence and resentenced him to thirty years to life imprisonment, precisely the same sentence that Appellant received in the present case. Citing *Batts I* and *Batts II*, this Court, per Judge Strassburger, held that the trial court was constitutionally permitted to impose a minimum term-of-years sentence and a maximum sentence of life imprisonment. *Melvin*, 2017 WL 4159284, *4. Thus, the defendant's sentence of thirty years' imprisonment to life sentence was legal. *Id.*

In view of **Seskey** and **Melvin**, we hold that Appellant's sentence of thirty years to life imprisonment is legal, and we reject his challenge to the legality of his sentence.

In his next argument, Appellant asserts that the trial court abused its discretion in sentencing him to a minimum of thirty years' imprisonment and a maximum term of life imprisonment. We have held above that the trial court was required to impose a maximum term of life imprisonment, so we limit our discussion to whether Appellant's minimum sentence of thirty years is an abuse of discretion. We conclude that no relief is due.

Challenges to the discretionary aspects of sentence "are not subject to our review as a matter of right." **Commonwealth v. Spenny**, 128 A.3d 234, 241 (Pa. Super. 2015). Instead,

> [a]n appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence, by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a statement pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) statement") in his brief on appeal, and (4) raising a substantial question for our review.

**Id.** (citation and internal quotations omitted).

Here, Appellant preserved this issue by arguing during the evidentiary hearing pertaining to resentencing that his maximum sentence should be forty years' imprisonment, which in turn would make his minimum sentence no greater than twenty years' imprisonment. Moreover, Appellant filed a timely notice of appeal and included a Pa.R.A.P. 2119(f) statement in his brief.

- 6 -

Finally, Appellant raises a substantial question, given the length of his minimum sentence for a crime committed as a juvenile. Accordingly, we proceed to the merits of Appellant's argument.

In **Batts I**, our Supreme Court directed that in the course of sentencing a juvenile for first degree murder,

> at a minimum [the court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

**Id.**, 66 A.3d at 297 (citing **Commonwealth v. Knox**, 50 A.3d 732, 745 (Pa. Super. 2012)).[4] Further, "when sentencing a juvenile to life in prison with the possibility of parole" for first degree murder, "the sentencing court should be guided by [18 Pa.C.S. §] 1102.1(a) in determining the minimum term of imprisonment." **Batts II**, 163 A.3d at 457.

**Melvin** directs that the trial court should consider section 1102.1 in the course of sentencing juveniles for second-degree murder. **Id.**, 2017 WL 4159284, at *5. In addition, it is implicit in **Melvin**, if not explicit, that the

---

[4] The trial court refers to these factors as the "**Knox** factors." Trial Ct. Op., 3/6/17, at 7-8. **Melvin** refers to the same factors as the "**Miller** factors." **Melvin**, 2017 WL 4159284, at *6. We will refer to these factors as the "**Miller** factors."

trial court should consider the **Miller** factors when sentencing juveniles for second-degree murder. **Id.** at *6 n.6.

The record reflects that the trial court carefully considered the **Miller** factors. Based on the evidence presented during Appellant's sentencing hearing, the court found that (1) Appellant had a difficult childhood, because his father was paralyzed before his birth, he was "shuffled from home to home," and he "lived with his mother . . . who had various boyfriends who were drug dealers allegedly [while] she herself was a stripper;" (2) he was sent to juvenile detention facilities, where he exhibited violent behavior numerous times; (3) he has begun to show greater maturity for the past 1½ years in prison, where he has become a certified peer support specialist who advises other youthful offenders and trains service dogs; (4) he has exhibited "diminished culpability and heightened capacity for change" in prison, where his violent behavior appears to have stopped; (5) his drug and alcohol history "doesn't appear to be extensive;" (6) his ability to deal with police "does not seem to be a factor of any note;" (7) he has assisted his attorney effectively; (8) he exhibits signs of narcissistic and other sociopathic behaviors; and (9) there was some chance that he would rehabilitate himself. N.T., 9/23/16, at 5-7.

The court also took into account, however, Appellant's heinous act of shooting an innocent victim. The court found that the victim's callous murder devastated his family; he was a "young man who . . . was the glue that held

everybody in the family together. Cousins looked [to] him for advice. Parents describe a son that anyone would be happy to have. There is no way that hole can be filled in the [victim's] family." *Id.* at 7. Shootings like this, the court observed, also have a severe impact on the community. *Id.* at 7-8.

Finally, the trial court properly took section 1102.1 into account.[5] *See* Trial Ct. Op. at 9. Section 1102.1(c) provides:

> **(c) Second degree murder.—**A person who has been convicted after June 24, 2012, of a murder of the second degree, second degree murder of an unborn child or murder of a law enforcement officer of the second degree and who was under the age of [eighteen] at the time of the commission of the offense shall be sentenced as follows:
>
> (1) A person who at the time of the commission of the offense was [fifteen] years of age or older shall be sentenced to a term of imprisonment the minimum of which shall be at least [thirty] years to life.

*Id.*

The foregoing demonstrates that the court imposed its sentence after carefully balancing the *Miller* factors and section 1102.1(c)(1)'s prescription of a minimum sentence of thirty years to life imprisonment for juveniles convicted after June 24, 2012. We conclude that the trial court performed its

---

[5] Although section 1102.1 does not apply because Appellant was convicted before June 24, 2012, the Pennsylvania Supreme Court has stated that "the sentencing court should be guided by section 1102.1[ ] in determining the minimum term of imprisonment . . . to advance the long-recognized goals of uniformity and certainty in sentencing decisions." *Batts II*, 163 A.3d at 457-58 (citations omitted).

sentencing duties meticulously and acted within its discretion in fashioning Appellant's minimum sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2017