J-S03041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| ANDREW J. BOROCHANER | : : | |
| Appellant | : | No. 3671 EDA 2016 |

Appeal from the Judgment of Sentence October 28, 2016
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0003029-2015,
CP-09-CR-0005280-2014, CP-09-CR-0006441-2014,
CP-09-CR-0007781-2014

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED APRIL 09, 2018**

Appellant, Andrew J. Borochaner, appeals from the judgment of sentence imposed following revocation of his probation.  We affirm.

The lower court sets forth the pertinent factual and procedural history as follows:

> On October 6, 2016, after an extensive colloquy before [the lower court], at which time [it was] determined that Appellant was competent to proceed in these matters, Appellant entered into negotiated pleas of nolo contendere to [four docketed cases stemming from five separate criminal informations.][fn]

> ---

> [fn]   In exchange for Appellant's negotiated pleas, the Commonwealth *nolle prossed* all charges contained in a fifth information including unlawful restraint, reckless endangerment, simple assault and false imprisonment.

> ---

---
\*   Former Justice specially assigned to the Superior Court.

Under [the fourth docketed case], Appellant had been charged with use/possession of drug paraphernalia and was sentenced to a term of county probation of six (6) months.

Under [the second docketed case], Appellant had been charged with accident involving damage to attended vehicle or property, driving the wrong way, driving over the divider, failure to stop and render aid, and operating a motor vehicle without required financial responsibility. For the charge of accident involving damage to attended vehicle or property Appellant was sentenced to a term of county probation of one (1) year, concurrent to his sentences under [the fourth and third docketed cases], and a mandatory minimum fine of $100.00 was imposed for the charge of operating a motor vehicle without required financial responsibility.

Under [the third docketed case], Appellant had been charged with disregarding traffic lane, operating a motor vehicle without required financial responsibility, and driving under the influence/general impairment – 1st offense. Appellant was sentenced on the DUI charge to six (6) months of probation, concurrent to the sentence under [the fourth docketed case], and to pay a mandatory fine of $300.00. No further penalties for the remaining charges were imposed.

Under [the first docketed case], Appellant was charged with criminal defiant trespass, criminal trespass – entering a structure, and disorderly conduct. Appellant was sentenced to a term of county probation of one (1) year on Count 1, defiant trespass, to be served concurrently with the sentences under [the other three docketed cases], and to a term of probation of one (1) year on Count 3, disorderly conduct, consecutive to the sentence issued under Count 1.[fn] . . . .

---

[fn] As a result of the negotiated plea, the Commonwealth sought leave to *nolle prosequi* Count 2, criminal trespass – entering a structure . . . and amend Count 1, from criminal trespass – breaking into a structure . . . which was a felony of the second degree, to criminal defiant trespass . . . which was a misdemeanor of the third degree. [The lower court] also granted that request.

[Accordingly, Appellant was placed on a two-year period of probation.] Appellant was also ordered to continue with his mental health and/or drug and alcohol treatment and pay the costs of prosecution. In addition, Appellant was warned that any violation of his probation would result in a return for a hearing before [the lower court] and a determination for the need for resentencing.

A probation violation hearing was subsequently scheduled and held on October 28, 2016. Appellant's Probation Officer testified that after [Appellant's] sentencing on October 6, 2016, Appellant reported to the intake of the Adult Probation and Parole Department ("Department") but did not stay to meet with the Probation Officer. The Probation Officer testified that Appellant was directed on the following day, Friday, October 7, 2016, to report to the Department but called later that day and said he could not make it. As a result of an upcoming holiday Appellant was told to report on October 11, 2016, but called on that day and said he again could not make it, at which point he was advised that a bench warrant would be issued for his arrest. On October 17, 2016, the Department received notice of possible drug activity at the address Appellant had provided on his offender information sheet. On October 20, 2016, after a search warrant was issued, Appellant's residence was searched and Appellant was taken into custody. According to the Probation Officer, a firearm, knives, methadone, Suboxone and suspected methamphetamine were found in Appellant's room during the search. (N.T. 10/28.16, pp. 2-5.)

As a result, the Department requested that Appellant be found in violation of his probation and it be revoked. It was further recommended that he be sentenced to six to twelve months' incarceration on Count 1 and a consecutive one year term of probation on Count 3 under [the first docketed case]; that his term of probation of one year under [the second docketed case] be reinstated consecutive to Count 1 of [the first docketed case]; that his term of probation under [the third docketed case] be reinstated for six months consecutive to Count 3 of [the second docketed case]; and that his probation under [the fourth docketed case] be reinstated for six months consecutive to [the third docketed case].

Appellant then testified in his own defense that he never absconded because after reporting to the Department intake on

- 3 -

October 6, 2016, he felt dizzy and sick and needed to get something to eat and therefore left. He said he did not report on October 11, 2016, because he had "severe pain in his neck" and could not get anyone to drive him. He said he was going to report to the Department on October 17, 2016, but was involved in an altercation on October 16, 2016, and was taken by ambulance to the hospital and received six stitches for a cut over his eye. He acknowledged that he should have contacted his Probation Officer but stated he was too "embarrassed" because of the cut to contact him. He then testified that when he came home on October 20, 2016, and was taken into custody, he had been "out all night" apparently at a casino and at "a girlfriend's house." N.T. 10/28/16, at 11-18.

At the conclusion of the hearing, [the lower court] admonished Appellant for not complying with the conditions of his probation, and in particular for his proximity to drugs and a firearm in his residence, and we found him in violation of his probation. He was thereafter sentenced [to not less than six nor more than 12 months' incarceration under the first docketed case, to be followed by an aggregate two years' probation under the remaining docketed cases]. N.T., at 23-27.

Trial Court Opinion, 3/15/17, at 1-4.

Appellant filed a timely post-sentence motion presenting a number of issues, including a weight of the evidence challenge against the court's determination that he had violated his probation. The court conducted a hearing and denied Appellant's motion. N.T. 11/23/16, at 21-24. Appellant timely appealed to this Court and filed a court-ordered Pa.R.A.P. 1925(b) concise statement asserting a single issue: "Whether the finding of a violation of probation on October 28, 2016, was against the weight of the evidence." Pa.R.A.P. 1925(b) statement, 1/31/17.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the

judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1031, 1033–34 (Pa.Super. 2013). Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or abuse of discretion. *Commonwealth v. Perreault* , 930 A.2d 553, 557-58 (Pa.Super. 2007) (quotations and citations omitted). An abuse of discretion is more than an error of judgment, such that a sentencing court will not be found to have abused its discretion unless the record discloses that it ignored or misapplied the law, or that the judgement exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill will. *Commonwealth v. Highland*, 875 A.2d 1175, 1184 (Pa.Super. 2005).

Probation is a privilege, not an absolute right. *Commonwealth v. McNeil*, 665 A.2d 1247, 1252 (Pa. Super. 1995). Further, probation revocation requires only a truncated hearing by the sentencing court to determine whether probation remains rehabilitative and continues to deter future antisocial conduct. *Commonwealth v. Mullins*, 918 A.2d 82, 86 (Pa. 2007). A violation of probation hearing takes place without a jury, with a lower burden of proof, and with fewer due process protections. *Id.* Technical violations are sufficient to trigger probation revocation. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000).

As a prefatory matter, we observe that Appellant's brief does not include a recitation of his question presented on appeal in violation of Pa.R.A.P. 2116.

Generally, we deem waived issues not presented in the statement of questions involved. *Commonwealth v. Long*, 786 A.2d 237, 239 n.3 (Pa. Super. 2001) (citation omitted) (noting "generally, questions not presented in the 'Statement of Questions Involved' are deemed waived."); *Commonwealth v. Bryant*, 57 A.3d 191, 196 n.7 (Pa. Super. 2012) (finding weight and sufficiency challenges waived for failure to include them in statement of questions presented). Insofar as Appellant has failed to raise his challenge to the trial court's revocation of probation in a statement of the question presented, we find the issue waived. *Long*, *supra*; Pa.R.A.P. 2116.

Even if we assumed, *arguendo*, that Appellant properly raised his challenge before us, he would not be entitled to relief. Appellant argues that the verdict was against the weight of the evidence. Specifically, he maintains that his testimony established he did not abscond or otherwise flout his reporting obligations when he failed to report to the probation office as required. Contrary to the position taken by the Commonwealth, Appellant insists his testimony proved he was simply incapable of reporting despite his good faith intentions because of either poor health or difficulties in obtaining transportation. *See* Brief of Appellant, at 3.

This Court has previously explained, however, that weight of the evidence claims involving conflicts in testimony and credibility determinations are unavailing in an appeal from probation revocation:

> We find no authority for appellant's assumption that a challenge to the weight of the evidence may properly be entertained on appeal from parole revocation by the trial court. It is clear that

such a challenge is not available from parole revocations entered by the Pennsylvania Board of Probation and Parole. Moreover, regardless of whether such challenges may be raised from common pleas court parole revocations, we do not find that the alleged conflicts in the juvenile witnesses' testimony render the finding of technical parole violations contrary to the weight of the evidence. Rather, the conflicts raised issues of credibility which were for the finder of fact to resolve. We find no abuse of discretion in this respect.

*Commonwealth v. McDermott*, 547 A.2d 1236, 1246 (Pa.Super. 1988) (citations omitted).

We discern no reason to distinguish this explanation of applicable law merely because **McDermott** involved a violation of parole rather than probation. Accordingly, we apply the reasoning therein to the case *sub judice* and find Appellant's claim unreviewable as presented.

Moreover, Appellant's weight claim, even if it were reviewable, would not merit relief.

In assessing the trial court's ruling [on a weight of the evidence claim], we must "review [ ] the trial court's exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth v. Smith**, 604 Pa. 126, 985 A.2d 886, 888 (2009). The fact-finder is free to believe all, part, or none of the evidence; an appellate court will not make its own assessment of the credibility of the evidence. **Commonwealth v. Ramtahal**, 613 Pa. 316, 33 A.3d 602, 609 (2011). "The trial court will only award a new trial when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." *Id.* In turn, we will reverse a trial court's refusal to award a new trial only when we find that the trial court abused its discretion in not concluding that the verdict was so contrary to the evidence as to shock one's sense of justice. In effect, "the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Id.*

- 7 -

***Commonwealth v. Olsen***, 82 A.3d 1041, 1049 (Pa.Super. 2013). The Commonwealth need only establish a probation violation by a preponderance of the evidence, which "is the lowest burden of proof in the administration of justice and . . . is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly in one's favor. ***Commonwealth v. Ortega***, 995 A.2d 879, 886 n.3 (Pa.Super. 2010).

In this case, questions of credibility were for the trial court to decide as the finder of fact. At the revocation hearing, the court assessed the credibility of Adult Probation and Parole Officer Luke Walker and found him to be credible. The court also considered Appellant's explanations for failing to report to the Adult Probation Intake Department as ordered and found his testimony to be incredible. Specifically, the court opined:

> Appellant failed to meet with his Probation Officer immediately after his sentencing on October 6, 2016, as he was required to do. It was also undisputed that Appellant repeatedly failed to meet with the Probation Officer or report to the Adult Probation and Parole Department after he was provided with several additional opportunities to make up for his initial failure to meet with him. Appellant was only taken into custody on October 20, 2016, after a bench warrant was issued, and after a search warrant had been executed in response to a report received three days earlier that illegal activities were allegedly occurring at the recovery house where Appellant was residing.
>
> This court further noted that the explanations that Appellant provided for his failures to meet with his Probation Officer did not sufficiently justify his conduct. For example, after Appellant was provided with an opportunity to report to the Department on October 11, 2016, Appellant claimed that he was unable to do so because of . . . severe neck pain; yet rather than report to Adult Probation, he was able to involve himself in an altercation five days later which required hospitalization. Furthermore,

Appellant's own testimony revealed that once again, rather than report to adult Probation as required, he chose instead to participate in activities at a casino and stay "out all night" with a girlfriend prior to being taken into custody on the following day. Finally, the Probation Officer's unrebutted testimony revealed that after a search of Appellant's residence was executed, a firearm, knives and various drugs were found in Appellant's bedroom, clearly indicating that Appellant was in the presence of and close proximity to such prohibited items.

Despite Appellant's assurances to this court at all of the previous hearings that he would abide by the conditions of his probation, Appellant's actions did not reveal an intention to do so. Due to the number and nature of the various charges contained in the above-captioned four dockets that the Commonwealth chose to prosecute, this court concluded that Appellant's sentences of probation alone had not yet had any rehabilitative effect on him, nor had it sufficiently deterred Appellant against future antisocial conduct. [This court, therefore] sentenced Appellant to the Adult Probation and Parole Department's recommendation of a period of incarceration of six to twelve months in the Bucks County Correctional Facility, to be followed by three years of probation.

Trial Court Opinion, at 6-7.

From this record, we identify no basis on which to assail the court's exercise of discretion in denying Appellant's post-sentence weight of the evidence claim, were we to review the claim on its merits. As such, we reject Appellant's challenge to the revocation of his probation.

Judgment of sentence is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/18

- 9 -