J-S22041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MUAAWIYA MUHAMMAD | : | |
| | : | |
| Appellant | : | No. 2351 EDA 2017 |

Appeal from the Judgment of Sentence June 1, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.:  CP-23-CR-0000918-2012

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                          **FILED JULY 19, 2018**

Appellant, Muaawiya Muhammad, appeals from the judgment of sentence imposed after revocation of his probation following his guilty plea to probation violations.   Appointed counsel has filed a petition for leave to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).   We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We take the following facts from the trial court's November 21, 2017 opinion, and our independent review of the certified record.

On September 25, 2011, [Appellant] was arrested by a Chester, [Pennsylvania] City police officer and charged with possessing firearms without a license, possession of marijuana, criminal trespass and various other offenses.  On March 27, 2012, he entered into a negotiated guilty plea pursuant to which he [pleaded] guilty to carrying firearms without a license (18 Pa.C.S.[A.] § 6106(a)(1)) and was sentenced to a period of

_____
*   Retired Senior Judge assigned to the Superior Court.

incarceration of [not less than eighteen nor more than thirty-six] months followed by three years of probation.  The remaining charges were dismissed.

On June [14], 2015, while on probation, [Appellant] was arrested in Chester, [Pennsylvania] and charged with possession of firearms and related offenses.  On November 3, 2016, he was found guilty [of persons not to possess firearms and firearms not to be carried without a license].  ([*See*] Docket No. CP-23-CR-[0004256]-2015)[.]  On April [12], 2017, [the trial court] sentenced him to a term of incarceration of [not less than sixty nor more than 120 months for persons not to possess firearms, and a concurrent term of not less than forty-two nor more than eighty-four months for firearms not to be carried without a license].  [Appellant] filed an appeal, which is pending before the Superior Court at Docket No. [1647] EDA 2017.

On June 1, 2017, [the trial court] conducted a *Gagnon II*[1] hearing, at which it found [Appellant] in violation of the terms of his probation.  It adopted the Commonwealth's recommendation and sentenced [Appellant] to a term of incarceration of [not less than twelve nor more than twenty-four] months in a state correctional institution, consecutive to the sentence imposed at Docket No. CP-23-CR-[0004256]-2015.

On June 12, 2017, [Appellant's] counsel filed a motion for reconsideration of sentence.  On June [23], 2017, [the trial court] scheduled a hearing for the motion for July 5, 2017.  On [July] 3, 2017, before the hearing could be held, counsel filed a [n]otice of [a]ppeal.

(Trial Court Opinion, 11/21/17, at 1-2).  On November 3, 2017, counsel filed a statement of intent to file a motion to withdraw and *Anders* brief.  *See* Pa.R.A.P. 1925(c)(4).  The trial court entered its opinion on November 21, 2017.  *See* Pa.R.A.P. 1925(a).  On January 16, 2018, counsel filed a motion to withdraw and an *Anders* brief on the basis that the appeal is wholly frivolous.  Appellant has not responded.

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

The standard of review for an **Anders** brief is well-settled.

Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

> [T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.

**Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009) (citations and quotation marks omitted). Further, our Supreme Court ruled in **Santiago**, **supra**, that **Anders** briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" **Santiago**, **supra** at 360.

Here, counsel's **Anders** brief and motion to withdraw substantially comply with the applicable technical requirements and demonstrate that he "has made a conscientious examination of the record in this case and has determined that an appeal would be frivolous." **Lilley**, **supra** at 997. The record establishes that counsel served Appellant with a copy of the **Anders** brief and motion to withdraw, and a letter of notice, which advised Appellant of his right to retain new counsel or to proceed *pro se* and raise additional

issues to this Court. (**See** Motion to Withdraw as Counsel, 1/16/18, Exhibit A). Further, the motion and brief cite "to anything that arguably might support the appeal[.]" **Lilley**, **supra** at 997 (citation omitted); (**see also Anders** Brief, at 5-9). As noted by our Supreme Court in **Santiago**, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of **Anders**. **See Santiago**, **supra** at 360-61. Accordingly, we conclude that counsel complied with **Anders**' technical requirements. **See Lilley**, **supra** at 997.

Having concluded that counsel's petition and brief substantially comply with the technical **Anders** requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Lilley**, **supra** at 998 (citation and internal quotation marks omitted).

The **Anders** brief raises one question[2] for our review: "[Whether] the sentence imposed at the **Gagnon II** hearing on June 1, 2017, is manifestly excessive in that it was ordered to be served consecutively to the sentence imposed at [Docket] No. 4256-201[5,]" because "the [c]ourt, having

---

[2] The **Anders** brief fails to conform to the Pennsylvania Rules of Appellate Procedure, because it does not set forth a statement of the questions presented. **See** Pa.R.A.P. 2116(a). However, because the argument section identifies the specific issue raised, "Appellant's failure to comply with Rule 2116(a) does not impede our ability to review the issue, and, accordingly, we will address the merits of its appeal." **Commonwealth v. Long**, 786 A.2d 237, 239 n.3 (Pa. Super. 2001), *aff'd*, 819 A.2d 544 (Pa. 2003).

previously sentenced Appellant, was aware that Appellant has mental health issues of a cognitive nature and that Appellant's family supports him[, and] disregarded these critical factors[?]" (**Anders** Brief, at 5) (emphasis omitted).

The issue raised challenges the discretionary aspects of Appellant's sentences.

> [T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence. Rather, an [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code. . . .
>
> In addition, issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P.1925(b) concise statement and a Pa.R.A.P. 2119(f) statement.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (citations and quotation marks omitted).

Here, Appellant raised his challenge to the discretionary aspects of his sentence in his post-sentence motion. He also included a Pa.R.A.P. 2119(f) statement in his **Anders** brief. (**See Anders** Brief, at 5). Moreover, Appellant's claim that the trial court failed to consider all relevant factors in imposing sentence, including the support of his family and his mental health condition, raises a substantial question for our review. **See Cartrette**, **supra** at 1042-43 (reasoning that failure to consider sentencing factors presents

substantial question). Therefore, we will consider the merits of Appellant's claim.

Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled: "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (citation and internal quotation marks omitted). Additionally, "upon revocation [of probation], the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. . . . [T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Here, the record reveals that during his *Gagnon II* hearing on June 1, 2017, the court determined that Appellant violated his probation by being convicted of another offense. (*See* N.T. Hearing, 6/01/17, at 8, 10). During the hearing the court acknowledged both that Appellant's family members cared about him, and that he suffered from cognitive difficulties. (*See id.* at 8-10). Moreover, the sentence imposed was less than the maximum sentence that could have been imposed originally at Appellant's initial sentencing. *See Infante*, *supra* at 365.

- 6 -

Therefore, we discern no error of law or abuse of discretion. *See Colon*, *supra* at 1041; *Infante*, *supra* at 365. Furthermore, after our independent review of the record as required by *Anders* and *Santiago*, we conclude that no non-frivolous issues exist.

Motion to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/18