J-S36035-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVON COLLINS, | : | |
| | : | |
| Appellant | : | No. 1873 EDA 2020 |

Appeal from the PCRA Order Entered August 12, 2020
in the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001205-2000

BEFORE: LAZARUS, J., KING, J. and COLINS, J.*

MEMORANDUM BY COLINS, J: **FILED JANUARY 7, 2022**

Appellant, Davon Collins, appeals *pro se* from the order entered August 12, 2020, dismissing as untimely his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we affirm the order of the PCRA court.

The relevant factual and procedural background was aptly summarized by a prior panel of this Court as follows:

> On November 29, 2001, [Appellant] was convicted in a non-jury trial of first-degree murder and other offenses. On January 24, 2002, the court sentenced [Appellant] to a term of life imprisonment for first-degree murder, ten to twenty years' imprisonment for kidnapping, and one to two years' imprisonment for abuse of a corpse, the latter two sentences to run consecutively to each other, but concurrently with [Appellant's] life sentence.
>
> On appeal, this Court affirmed his judgment of sentence. **Commonwealth v. Collins**, 817 A.2d 1174 (Pa. Super. 2002) (unpublished memorandum). The Pennsylvania

*Retired Senior Judge assigned to the Superior Court.

> Supreme Court denied [Appellant's] petition for allowance of appeal on July 10, 2003. **Commonwealth v. Collins**, 827 A.3d 429 (Pa. 2003). [Appellant] did not file a petition for writ of certiorari to the United States Supreme Court. Therefore, his judgment of sentence became final on or about October 8, 2003, after the ninety-day time period for filing such a petition expired. **See** U.S.Sup.Ct.R. 13.

**Commonwealth v. Collins**, 158 A.3d 184 (Pa. Super. filed September 22, 2016) (unpublished memorandum at 1).

Thereafter, Appellant filed four PCRA petitions between 2005 and 2015, none of which resulted in relief. Appellant *pro* se filed the instant PCRA petition, his fifth, on March 26, 2020, asserting his petition fell within one of the PCRA's timeliness exceptions, 42 Pa.C.S. § 9545(b)(1)(ii), which provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" PCRA Petition, 3/26/2020, at ¶ 1.

On April 2, 2020, Eric Closs, Esquire, of the Monroe County Public Defender's Office was appointed to represent Appellant with respect to the instant petition. PCRA Court Order, 8/12/2020, at 1. Counsel was afforded the opportunity to file an amended PCRA petition; however, on June 4, 2020, counsel filed a no merit letter and a request to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998) (*en banc*).

On June 16, 2020, the PCRA court provided Appellant notice of its intent to dismiss the PCRA petition without a hearing pursuant to

Pa.R.Crim.P. 907. Appellant *pro se* filed a response on July 24, 2020. On August 12, 2020, the PCRA court dismissed the petition as untimely filed, and granted counsel's petition to withdraw.

A *pro se* notice of appeal was docketed with the lower Court on October 7, 2020, appealing from the August 12, 2020 order dismissing Appellant's fifth PCRA petition. This Court issued a rule to show cause why this appeal should not be quashed as untimely filed.[1] Order, 1/20/2021. Appellant filed a response to the order to show cause stating that he mailed his notice of appeal on or about September 4, 2020, well within the 30-day period provided by the appellate rules of procedure. Appellant's Response to Court's Order to Show Cause, 2/16/2021, at ¶ 1. Appellant received a copy of his docketing statement from the Monroe County Clerk of Courts on October 29, 2021, showing that his appeal had been docketed with the lower court on October 7, 2020. *Id.* at ¶ 3. On March 16, 2021, this Court entered an order discharging the rule but stating that the merits panel may revisit the issue of whether Appellant's notice of appeal was timely filed.

Initially, this Court must determine whether Appellant timely filed the instant appeal. The timeliness of an appeal implicates an appellate court's jurisdiction and competency to address the merits of the appeal.

---

[1] A notice of appeal is to be filed with the clerk of the lower court from which the appeal is taken within the time provided by Rule 903. Pa.R.A.P. 902. Generally, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014) (citations omitted). The appellate court lacks the authority to enlarge or extend the statutory time for taking an appeal and is generally divested of jurisdiction to hear an appeal that is not timely filed. ***Id.***

Here, Appellant's PCRA petition was dismissed by the PCRA court on August 12, 2020. The Monroe County Clerk of Courts docketed Appellant's notice of appeal on October 7, 2020. Docket Entry No. 209. The proof of service filed with the notice of appeal is dated August 28, 2020, and the envelope containing the notice of appeal shows a postmark date of August 28, 2020. ***Id.***

"[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1074 (Pa. Super. 2019). The record herein demonstrates that Appellant delivered to prison authorities his notice of appeal within thirty-days of the dismissal of his PCRA petition. Accordingly, Appellant perfected his appeal pursuant to Rule 902 and this Court will not quash the appeal as untimely filed.[2] ***DiClaudio***, 210 A.3d at 1074.

---

[2] We note that the PCRA court ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) on October 8, 2020, and October 15, 2020. Supplemental Rule 1925(a) Statement, 8/12/2021, at 2 n.3. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on December 11, 2020, noting that Appellant had waived all issues on appeal as he failed to file a timely statement pursuant to Rule 1925(b). ***Id.*** at 3 n.4.
*(Footnote Continued Next Page)*

On appeal, Appellant argues, *inter alia*, that the PCRA court erred in dismissing the instant PCRA petition as untimely filed when he clearly met the requirements of the newly-discovered fact exception to the PCRA time-bar requirement. Appellant's Brief at 1-2.[3] Appellant avers that it was unknown to him, at the time of trial, that his co-defendant was sentenced pursuant to a plea agreement, and the Commonwealth's deliberate failure to disclose this information amounted to a violation under **Brady v. Maryland**, 373 U.S. 83 (1963). Appellant's Brief at 1-8. Prior to addressing the merits of Appellant's claims, we must determine whether Appellant timely filed his PCRA petition, as neither this Court nor the PCRA court has jurisdiction to

*(Footnote Continued)*

---

Appellant filed in this Court an application for relief asking the matter to be remanded for the filing of a Rule 1925(b) statement. This Court remanded and Appellant filed his Rule 1925(b) statement on July 9, 2021. The PCRA court filed a supplemental Rule 1925(a) statement on August 12, 2021.

[3] Appellant failed to include a statement of questions involved section in his brief as required by Pennsylvania Rules of Appellate Procedure 2111 and 2116. Rule 2116(a) states that "[n]o question will be considered [on appeal] unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). However, this Court may overlook a violation of Rule 2116 when an appellant raises the questions involved in another part of his brief and the violation does not impede the Court's ability to address the issues raised. **Commonwealth v. Clinton**, 683 A.2d 1236, 1239 (Pa. Super. 1996) (citations omitted). In this case, Appellant identifies the issues he seeks to present to the Court in the argument section of his brief. Appellant's Brief at 1-8. Because the defect in Appellant's brief does not impede our ability to review the issues raised, we will not find waiver for failure to comply with Rule 2116. **Commonwealth v. Long**, 786 A.2d 237, 239 n.3 (Pa. Super. 2001). We have summarized the appellate issues from the argument section of Appellant's brief as well as the headings within the argument section of the brief. **See** Appellant's Brief at 1-8.

address the merits of an untimely-filed petition. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011).

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year-time period only if the petitioner pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at (b)(1)(i-iii). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at (b)(2). This time limit is jurisdictional, and a court may not ignore it and reach the merits of the petition. ***Commonwealth v. Whiteman***, 204 A.3d 448, 450-51 (Pa. Super. 2019); ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018).

We review the denial of a PCRA petition to determine whether the record supports the PCRA findings and whether its decision is free of legal

error. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018). "When supported by the record, the PCRA court's credibility determinations are binding on this Court, but we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.*** It is the Appellant's burden to convince the Court that the PCRA court's ruling was erroneous or unsupported by the record. ***Commonwealth v. Wrecks***, 931 A.2d 717, 722 (Pa. Super. 2007). An appellant who fails to convince the Court that the PCRA court erred is not entitled to relief. ***Id.***

Appellant does not argue that his fifth PCRA petition was filed within a year of the date his judgment of sentence became final.[4] Rather, Appellant acknowledges that his PCRA petition was untimely by claiming the petition fell within the exception set forth at subsection 9545(b)(1)(ii). PCRA Petition, 3/26/2020, at ¶ 1; Appellant's Brief at 2-3. Specifically, Appellant contends he received a letter from a friend on July 26, 2019, informing him that co-defendant Michelle Ann Landolfa "was bragging on social media about how she was home and [Appellant] wasn't because she was smart enough to take a plea, and [Appellant] knew nothing of it." ***Id.*** at 1. As a result, on September 5, 2019, Appellant requested a copy of Landolfa's sentencing transcript, which he received on or about December 9, 2019. ***Id.*** Appellant

---

[4] Appellant's judgement of sentence became final on October 8, 2003. ***See Collins***, 158 A.3d 184 (unpublished memorandum at 1). Therefore, Appellant's PCRA petition is untimely on its face.

maintains that he first learned that Landolfa was sentenced pursuant to a plea agreement when he received the transcript on or about December 9, 2019, "as the existence of an actual plea agreement between the Commonwealth and Landolfa was denied under oath by Landolfa," and "this false testimony was never corrected or otherwise addressed by the Commonwealth, during [Appellant's] trial." *Id.* at 2. Appellant concludes that Landolfa lied under oath about the plea agreement, thereby depriving Appellant of the ability to challenge her credibility as a witness. *Id.* at 3.

The PCRA court dismissed the petition finding it was without jurisdiction to address the merits of the petition because it was untimely filed. PCRA Court Order, 8/12/2020, at 4. Specifically, the PCRA court found that Appellant's PCRA petition was filed 17 years after his judgment of sentence was final and Appellant failed to establish the timeliness exception under 42 Pa.C.S. § 9545(b)(1)(ii). Rule 907 Notice, 6/16/2020, at 1-2. The PCRA court concluded that Appellant and his counsel were aware of the plea agreement with Landolfa at the time of trial, and Appellant's trial counsel cross-examined Landolfa about the plea agreement at trial. *Id.*; PCRA Court Order, 8/12/2020, at 4. Finally, the PCRA court found that because Appellant and defense counsel knew about the plea agreement at trial, there was no evidence of a violation under *Brady*. *Id.*

In order to plead and prove the newly discovered fact exception to the PCRA's one-year time-bar, the petitioner must establish that, "1) the facts

upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Brensinger***, 218 A.3d 440, 448 (Pa. Super. 2019) (*en banc*) (citation and quotation marks omitted). Due diligence requires that the petitioner "take reasonable steps to protect his own interests." ***Id.***

> However, it does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstance to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Shiloh***, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted). As such, the "due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." ***Id.*** (citation omitted). "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." [***Commonwealth v. Monoco***, 996 A.2d 1076, 1080 (Pa. Super. 2010)].

***Id.*** at 449. The requirement of due diligence in ascertaining a newly discovered fact is strictly enforced. ***Commonwealth v. Shaw***, 217 A.3d 265, 270 (Pa. Super. 2019). "[T]he focus of the exception found at § 9545(b)(1)(ii) is on newly-discovered facts, not on newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." ***Commonwealth v. Maxwell***, 232 A.2d 739, 745 (Pa. Super. 2020) (citation omitted).[5]

---

[5] The PCRA court appears to have mistakenly referred to Appellant's claims as involving issues of after discovered evidence rather than the newly-discovered facts exception to the PCRA time-bar requirement. ***See*** PCRA Court Supplemental 1925(a) Statement, 8/12/2021, at 1 (stating "[A]ppellant filed his fifth PCRA Petition wherein he alleges after-discovered evidence of a ***Brady*** violation …"); PCRA Court Order, 8/12/2020, at 1, ¶ 2

*(Footnote Continued Next Page)*

The fact upon which Appellant's claim is based is that Landolfa testified falsely at trial regarding the existence of a plea agreement and the Commonwealth failed to correct this false testimony at trial, thereby violating the constructs of **Brady**. Appellant argues that he did not know that Landolfa was sentenced pursuant to a plea agreement until he received and reviewed the transcript from Landolfa's sentencing on or about December 9, 2019. Appellant's Brief at 1.

Upon review, we conclude that Appellant has failed to establish that the fact upon which his claim is based was unknown to him. As noted, Appellant filed four PCRA petitions prior to filing the instant petition. Our review of the record reveals that on July 2, 2008, a Monroe County assistant public defender appointed to represent Appellant filed a **Turner/Finley** no merit letter in conjunction with Appellant's first PCRA petition.[6] **See** No

---

*(Footnote Continued)*

(stating "[A]ppellant had raised issues of after-discovered evidence in his *pro se* filings"). PCRA courts have often improperly equated the after-discovered evidence concept with the newly-discovered facts exception to the time-bar requirement; however, these concepts are distinct and subject to two different analyses. **Commonwealth v. Bennett**, 930 A.2d 1264, 1270-72 (Pa. 2007). Despite this confusion, it is clear that the PCRA court conducted its analysis pursuant to the dictates of subsection 9545(b)(1)(ii) by finding that Appellant knew about Landolfa's plea agreement at the time of trial and failed to provide any basis as to why he could not discover this fact until he received Landolfa's sentencing transcript on or about December 9, 2019. **See** Rule 907 Notice, 6/16/2020, at 1-2, ¶¶ 9-11; PCRA Court Order, 8/12/2020, at 4, ¶ 9.

[6] On April 29, 2005, Appellant filed a *pro se* document titled "Motion for Withdrawal of Plea." **Commonwealth v. Collins**, No. 2954 EDA 2008 (Pa. Super. filed June 24, 2009) (unpublished memorandum at 1). Appellant

*(Footnote Continued Next Page)*

Merit Letter, 7/2/2008. At that time, PCRA counsel concluded that Appellant's claims were untimely filed and failed to fall into any of the enumerated exceptions. *Id.* at 1. Specifically, in a section titled "Conviction Based Upon Perjured Testimony Alone," the no merit letter stated in pertinent part:

> The defendant citing to **Mooney** [**v. Holohan**, 294 U.S. 732 (1935)] in his pleadings, asserts that [Michelle] Landolfa's perjured testimony was the reason for his conviction. He argues that he is entitled to a new trial because of an offered plea agreement between the prosecutor and Ms. Landolfa[] in exchange for her testimony against the defendant. Even if her testimony were perjured, the defendant was convicted based upon scientific evidence linking him to the crime, and by the admission of his confession to the Pennsylvania State Police. Furthermore, defense counsel admitted evidence of Ms. Landolfa's plea agreement and other biases she may have held to impeach her credibility at trial. There was not only corroborating evidence to support Ms. Landolfa's testimony, but defendant's trial counsel used every avenue available to him to discredit her testimony.

*Id.* at 3 (record citations omitted). Then-counsel further noted that Appellant failed to provide any instances of government interference that would prevent him from making a timely PCRA claim, "including the

*(Footnote Continued)*

claimed in this motion that he was entitled to withdraw his guilty plea because the trial court lacked subject matter and/or personal jurisdiction *Id.* at 1-2. The trial court, noting that Appellant had not entered a guilty plea, dismissed the motion and Appellant appealed the dismissal. *Id.* This Court determined the motion should be treated as Appellant's first PCRA petition and remanded the matter for appointment of counsel and disposition pursuant to the PCRA. *Id.* at 2. Prior to appointment of counsel, Appellant filed *pro se* several documents attempting to raise various issues, including a claim under the newly-discovered fact exception, which was addressed by appointed counsel in her no merit letter. *See* No Merit Letter, 7/2/2008, Exh. A.

allegation Ms. Landolfa conspired with the prosecutor to perjure herself." *Id.* at 4. The PCRA court dismissed the petition without a hearing and this Court affirmed the PCRA court's dismissal. *Commonwealth v. Collins*, No. 2954 EDA 2008 (Pa. Super. filed June 24, 2009) (unpublished memorandum).

We conclude that Appellant is simply attempting to introduce a new source for previously known facts. Appellant has known the purported fact upon which he bases his claim for over 16 years. Appellant himself set forth in his first PCRA petition filed in 2005 that Landolfa perjured herself during trial with regard to her offered plea agreement. This Court affirmed the PCRA court's dismissal of Appellant's PCRA petition and our Supreme Court denied a petition for allowance of appeal. *See Commonwealth v. Collins*, No. 686 MAL 2009 (Pa. filed February 12, 2010). Appellant previously litigated this issue in his first PCRA petition and it is well-settled that a new source for the same information does not create a newly-discovered fact. *See Commonwealth v. Lambert*, 57 A.3d 645, 648-49 (Pa. Super. 2012). Facts raised and ruled upon in a prior PCRA cannot have been unknown to Appellant, thus precluding him from establishing the newly-discovered fact exception. Therefore, we agree with the PCRA court that Appellant failed to establish that the fact upon which the claim is predicated was unknown to him.

Our review of the record further indicates that Appellant offered no explanation as to why Landolfa's testimony could not have been ascertained with reasonable diligence prior to December 9, 2019. The record is devoid of evidence that Appellant made any attempt to secure Landolfa's sentencing transcript until September 5, 2019, approximately 18 years after his judgment of sentence became final and 16 years after he initially raised this claim before the PCRA court. Because Appellant knew that Landolfa entered a guilty plea prior to testifying at his trial, we conclude that with due diligence, Appellant could have discovered Landolfa's sentencing testimony prior to December 9, 2019.[7]

As Appellant failed to allege and prove an exception to the one-year PCRA time-bar based upon a newly discovered fact, the PCRA court was without jurisdiction to address the merits of the petition. Therefore, the PCRA court properly dismissed Appellant's petition as untimely filed.[8]

Order affirmed.

---

[7] Because Appellant knew, or could have discovered this evidence with reasonable diligence, his **Brady** claim is also without merit. **See Commonwealth v. Bomar**, 104 A.3d 1179, 1190 (Pa. 2014) (citation omitted) (stating, "[t]here is no **Brady** violation when the appellant knew, or with reasonable diligence, could have uncovered the evidence in question").

[8] **See Commonwealth v. Wiley**, 966 A.2d 1153, 1157 (Pa. Super. 2009) (citation omitted) ("[I]n general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.")

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/7/2022</u>