J-S36039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN KORNARD HOUSTON | : | |
| | : | |
| Appellant | : | No. 385 WDA 2025 |

Appeal from the PCRA Order Entered March 3, 2025
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s):  CP-37-CR-0000397-2021

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:    **FILED: February 3, 2026**

Appellant, Steven Kornard Houston, appeals *pro se* from the order of the Court of Common Pleas of Lawrence County denying his serial petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* ("PCRA"). We affirm on the basis that the petition was untimely filed and Appellant did not demonstrate that a statutory exception to the PCRA time bar was applicable.

On June 10, 2021, in New Castle, Pennsylvania, Appellant was arrested while possessing, with the intent to deliver, 63 grams of a heroin and fentanyl mix. **See** 35 P.S. § 780-113(a)(30) ("PWID"); **see also** N.T. Plea Hearing, 7/7/21, 2; N.T. PCRA Hearing, 10/3/22, 10. On July 7, 2021, Appellant entered a negotiated guilty plea to a single count of PWID with the

_____

[*] Retired Senior Judge assigned to the Superior Court.

understanding that the court would impose the agreed upon sentence of three to six years' imprisonment plus costs. **See** N.T. Plea Hearing, 7/7/21, 2, 5.

After accepting Appellant's guilty plea, the court immediately proceeded to sentencing, as Appellant requested. **See** N.T. Plea Hearing, 7/7/21, 3, 9. Noting that the plea agreement was for three to six years' imprisonment, the court confirmed the sentence was in the aggravated range recommended by the Sentencing Guidelines. **See id.**, 9-10.[1] Appellant's counsel explained to the court that Appellant was currently on state parole for another conviction and was aware his guilty plea would result in revocation and resentencing in the other case, and asked the court to exercise its discretion to impose the agreed-upon sentence concurrent to whatever the parole board would do in Appellant's other case. **See id.**, 10-12. The court informed Appellant and counsel that it did not believe it had "jurisdiction to say it's concurrent." **Id.**, 12. It stated that the parole board "make[s its] decision about that and [this court does not] really have any say about that." **Id.** Counsel then asked the court to "impose a [concurrent] sentence … with the understanding that the parole board is going to do what they want to do." **Id.** The court preferred to "not say anything about it," and just impose the agreed-upon term with time credit. **Id.** The "problem with saying that it's concurrent is that the law is pretty clear that it has to be consecutive, but that's not for" this court to

---

[1] The plea agreement was negotiated by the Lawerence County Public Defender's Office on behalf of Appellant. **See** N.T. Plea Hearing, 7/7/21, 3, 6. The Association subsequently withdrew from representing appellant, and sentencing counsel entered his appearance. **Id.**

decide. *Id.*, 12-13. It ultimately noted that it was "willing to say in [in the sentencing order] that the [sentencing court] has no objection to this sentence being served concurrently with any other sentence as … ultimately determined by the Board of Probation and Parole." *Id.*, 17.

The court imposed the agreed-upon sentence of three to six years' imprisonment plus costs.[2] *See* N.T. Plea Hearing, 7/7/21, 13-14. It also recited the standard parole conditions. *See id*., 14-18. The court advised Appellant of his right to appeal and right to file a motion seeking to withdraw his guilty plea or request reconsideration of his sentence. *See id.*, 18.

Appellant filed neither a post-sentence motion nor a notice of appeal. On July 26, 2022, Appellant timely filed *pro se* a first PCRA petition. *See* Appellant's PCRA Petition, 7/26/22. In the petition, Appellant alleged ineffective assistance of sentencing counsel with respect to whether he was eligible for the Recidivism Risk Reduction Incentive program ("RRRI"), in particular for not advocating that Appellant was eligible when the sentencing court asked about it. *See id.*, 2. Of note, Appellant described the plea agreement being "for 3 to 6 years of incarceration for the offense of PWID,"

---

[2] The written sentencing order stated, in pertinent part:

> This sentence shall be served on a concurrent basis from and after the effective date of this sentence with any other sentence [Appellant] is now serving or issued prior to the date of this sentence. The court has no objection to this sentence being served with any previous sentence that results in a parole revocation.

Sentencing Order, 7/7/21, 1.

but also alleged that he had signed the agreement "under the assumption that RRRI would attach." **Id.** Counsel was appointed and ultimately filed a **Finley** no-merit letter and sought to withdraw as counsel.[3] **See** PCRA Court Order, 7/25/22; **Finley** Letter, 9/8/22, 5-9. On September 9, 2022, the PCRA court granted counsel's petition to withdraw. **See** PCRA Court Order, 9/9/22. After a hearing at which Appellant proceeded *pro se*, the PCRA court denied the petition, finding that Appellant's Michigan offense for carrying a concealed weapon was an equivalent offense to 18 Pa.C.S. § 6106, and therefore Appellant was not RRRI eligible. **See** PCRA Court Order, 10/5/22, ¶¶ 3-6; **see also** N.T. PCRA Hearing, 10/3/22, 2-10. No appeal was filed from the denial of Appellant's first PCRA petition.

On February 20, 2024, Appellant filed *pro se* his second PCRA petition, which is the focus of this appeal. He alleged that his guilty plea was rendered involuntary because he had "pled guilty to an illegal unenforceable sentence," as his sentence for PWID could not be served concurrently to the back time sentence imposed following the revocation of parole in a different case. Appellant's PCRA Petition, 2/20/24, 5-7. He also alleged that prior counsel was ineffective for not properly advising him on the law. **Id.** In the petition, Appellant pleaded that the newly-discovered fact exception to the PCRA time bar permitted review of his claim for relief. **See id.**, 3-5. Specifically, he alleged that he "entered a negotiated guilty plea agreement, to serve **3 to 6**

---

[3] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

**year**, *concurrently* with any other sentence the Petitioner was serving or was issued prior to the date of that sentence," in July 2021, but on September 3, 2023, received a Department of Corrections ("DOC") "Sentence Status Summary" that the "negotiated plea agreement … had not been honored," as his prison sentence was not run concurrently "to the back time Petitioner was ordered to serve, per plea agreement terms." *Id.*, 4 (emphasis in original). "Upon further investigation," Appellant learned that a statute required that back time for a parole revocation "shall precede the commencement" of any new term of imprisonment. *Id.*, 5 (citing 61 Pa.C.S. § 6138(a)(5)(i)). Appellant concluded that since his "plea bargain contemplated a sentence with a specific start date, [it is] unenforceable and illegal." *Id.*, 5.

The PCRA court appointed an attorney to represent Appellant. **See** PCRA Court Order, 2/10/24. The PCRA court held a status conference on May 6, 2024, at which appointed counsel stated that, after reviewing the file and petition and speaking with Appellant, he would be filing a **Finley** letter. **See** N.T. PCRA Status Listing, 5/6/24, 4. Counsel explicitly noted that Appellant's claim was premised on a supposed promise that his sentence for PWID would run concurrently with his back time for the anticipated parole revocation, but that the sentencing order did not support the claim as it only stated that the sentencing court "would not object" if the sentences were to run concurrently. **Id.**, 2-3. As a result, counsel concluded that Appellant's sentence was not illegal. **Id.**, 3. On May 23, 2024, counsel filed a motion to withdraw as PCRA counsel and a **Finley** letter explaining his reasoning and conclusion. **See**

- 5 -

Motion to Withdraw, 5/23/24, Exhibit A. The PCRA court granted the motion and explained Appellant's right to proceed *pro se* or with privately-retained counsel. **See** PCRA Court Order, 5/23/24. At a status listing on October 3, 2024, Appellant informed the court that he would like to retain private counsel. **See** PCRA Court Order, 10/4/24.

On November 5, 2024, appellant sought leave to file a *pro se* amendment to his PCRA petition. **See** Appellant's Motion for Leave, 11/5/24. In the proposed amendment, Appellant alleged the ineffective assistance of sentencing counsel for his representation "at the guilty plea stage or proceedings, because he failed to fully and completely advise [Appellant] of/on the overall imposition of sentence," and thereby misadvising him to enter a guilty plea on the belief that his sentence for PWID would run concurrently with his parole revocation sentence. Appellant's Amended Petition, 11/5/24, ¶ 14. Appellant also alleged sentencing counsel's ineffective assistance for not filing a direct appeal or preserving any issues for appeal. **Id.**, ¶ 15. Appellant invoked the newly-discovered fact exception to the time bar for the fact that his sentences were not running concurrently, which he alleged he first learned on September 13, 2023, from the DOC summary. **Id.**, ¶¶ 21-22.

Noting that it held two hearings on Appellant's PCRA petition, on May 6, 2024, and January 24, 2025, the PCRA court denied Appellant's petition and informed him of his appeal rights. **See** PCRA Court Order, 3/3/25. Attached to the order denying relief was the opinion written by the PCRA court explaining its rationale for denying the petition as untimely and not within an

exception to the PCRA time bar. **See** PCRA Court Opinion, 3/3/25, 1-6. Appellant timely filed a notice of appeal. **See** Appellant's Notice of Appeal, 4/1/25 (signature dated 3/20/25). The PCRA court and Appellant complied with Rule 1925(b). **See** Pa.R.A.P. 1925(b); PCRA Court Order, 4/15/25; Appellant's Rule 1925(b) Statement, 6/9/25.

Appellant did not include a Statement of Questions Involved in his brief, as required by our rules. **See** Pa.R.A.P. 2111(a)(4). "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). This rule is mandatory, and we may deem waived for review any issue not included in the required statement. **See Harkins v. Calumet Realty, Co.**, 614 A.2d 699, 703 (Pa. Super. 1992) ("Questions not presented are deemed waived"). We nevertheless conclude that our review is not precluded by Appellant's failure to include the required statement, as we are able to glean the missing question for review from the argument section of his brief. **See Commonwealth v. Long**, 786 A.2d 237, 239 n.3 (Pa. Super. 2001).[4]

We summarize the question presented by Appellant's argument in his brief thusly: whether the PCRA court erred by denying the PCRA petition as

_____

[4] This Court may overlook a violation of Rule 2116 when an appellant raises questions involved in another part of his brief and the violation does not impede our ability to address the issues raised. **Commonwealth v. Clinton**, 683 A.2d 1236, 1239 (Pa. Super. 1996). We note further that the omission was inadvertent, as the required statement is noted in the table of contents as being on page 4 but no page 4 is included in the brief. **See** Appellant's Brief, i & 3-5 (unpaginated). Appellant is proceeding *pro se* and has not until now had any review by this Court of his PWID conviction.

untimely and unreviewable where Appellant raised the statutory exception for a newly-discovered fact based on his receipt of the DOC summary showing that his sentence was not running concurrently with his back time for a parole revocation in another matter and he alleged a layered claim of ineffective assistance of counsel with respect to the new fact?

As with all appeals stemming from the denial of PCRA relief, our standard of review is limited to "whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.*

Prior to reviewing any of Appellant's substantive claims for relief, however, we must consider the timeliness of Appellant's petition because "if a PCRA petition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless a statutory exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States or the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3).

Appellant was sentenced in this case on July 7, 2021. He did not file a post-sentence motion. *See* Pa.R.Crim.P. 720, comment ("If no timely post-sentence motion is filed, the defendant's appeal period begins to run from the date sentence is imposed"). The period for filing a direct appeal expired on August 6, 2021. *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken"). His judgment of sentence, therefore, became final on that date. *See* 42 Pa.C.S. § 9545(b)(3). Accordingly, Appellant had until August 8, 2022, to timely file a PCRA petition.[5] *See Commonwealth v. Brown*, 943 A.2d 264, 268 (Pa. 2008) (holding that "in circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review"). The instant petition, Appellant's second, was filed on February 20, 2024, or more than 18 months after the time permitted by the PCRA. *See* 42 Pa.C.S. 9545(b)(1). The petition was facially untimely.

_____

[5] As Appellant's one-year deadline for timely filing a PCRA petition fell on a Saturday, the deadline would have been statutorily extended to Monday, August 8, 2022. *See* 1 Pa.C.S. § 1908 (providing whenever the last day of a period of time referred to ina statute falls on Saturday, Sunday, or legal holiday, such day is omitted from computation).

Therefore, Appellant was required to plead and prove the applicability of one of three statutory exceptions, **see** 42 Pa.C.S. § 9545(b)(1)(i)-(iii), and that the petition was filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The three statutory exceptions, moreover, are claim specific, that is, even if a petitioner were to have proved a time bar exception with respect to one claim it would not bestow the PCRA court with jurisdiction to separate and independent substantive claims for relief. **See Commonwealth v. Porter**, 35 A.3d 4, 13-14 (Pa. 2012) (Section 9545(b) "speaks in singular terms of 'the claim' or 'the right' which is the subject of a serial PCRA 'petition'" and, as such, the time bar exception "provisions are claim specific").

In his petition, Appellant invoked the newly-discovered fact exception to the time bar. The exception permits review of a claim for relief where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Specifically, Appellant alleged that his receipt on September 3, 2023, of the DOC summary was the first he learned that the "negotiated plea agreement … had not been honored," as his prison sentence was not run concurrently "to the back time Petitioner was ordered to serve, per plea agreement terms." Appellant's PCRA Petition, 2/20/24, 4; **see also** Appellant's Amended Petition, ¶¶ 21-22; Appellant's Brief, 6-7 (unpaginated).

To establish a newly-discovered fact warranting review of his ineffective assistance of counsel claim, Appellant had to plead and prove both that the

fact was not previously known and that it could not have been ascertained through due diligence. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1271 (Pa. 2007). He also had to plead and prove that he raised the claim "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The PCRA court found, however, that the information in the DOC summary was not a newly-discovered fact, but a previously-known fact. Appellant "was aware of a potential issue with the request for his sentence to be served concurrently with any parole violation as the court addressed the same on the record during his guilty plea and sentencing proceedings on July 7, 2021." PCRA Court Opinion, 3/3/25, 5.

> More specifically, the court stated, "I can tell you that I don't feel I have jurisdiction to say it's concurrent. I mean, [the parole board makes its] decision about that and I don't really have any say about that." [N.T. Plea Hearing, 7/7/21, 12]. Subsequently, [Appellant's] counsel requested the court impose a concurrent sentence while acknowledging the parole board would make the ultimate decision regarding concurrence. The court responded by explaining:
>
>> I guess I can go this far. I cannot say anything about it. I can just issue the sentence and give him the credit that I'm showing here, the 27 days, and leave it up to them. I guess my problem with saying that it's concurrent is that the law is pretty clear that it has to be consecutive, but that's not for me to determine. They determine that, but I'm going to say nothing about it and let them make that decision.
>>
>> [N.T. Plea Hearing, 7/7/21, 13].
>
> It is apparent the court advised [Appellant] and his counsel of the likelihood the sentence imposed would be served consecutively with a sentence concerning a parole violation. Resultantly,

- 11 -

[Appellant] knew of the likelihood he would be required to serve those sentences consecutively on July 7, 2021. Yet, [Appellant] did not file the current [PCRA petition] until February 12, 2024, which is more than one year after that issue was known by [Appellant] or could have been confirmed through the exercise of due diligence. Thus, the [petition] is untimely … and the court lacks jurisdiction to address the substantive merits of [Appellant's ineffective assistance of counsel] claim.

PCRA Court Opinion, 3/3/25, 5-6.

We agree with the PCRA court's analysis. The underlying fact animating Appellant's claim was that his sentence for PWID was not running concurrently with his subsequently imposed back time term of imprisonment for a parole revocation. He was told at sentencing that, by law, the sentencing court could not order the PWID sentence to run concurrently with the revocation sentence. N.T. Plea Hearing, 7/7/21, 12-13 ("the law is pretty clear that it has to be consecutive, but that's not for" this court to decide). "The focus of the newly-discovered fact exception is on the newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts.'" **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (emphasis in original; citation, internal quotation marks and brackets omitted).

The sentencing court ultimately accommodated Appellant by indicating in its order that it had "no objection to [the PWID] sentence being served with any previous sentence that results in a parole revocation." Sentencing Order, 7/7/21, 1. It did not, and could not, as it informed Appellant on July 7, 2021, order that the PWID sentence be designated to run concurrently with back time for a parole revocation. **See** 61 Pa.C.S. § 6138(a)(5)(i) (if a new

sentence is imposed on the offender, "the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed" where the offender "is paroled from a State correctional institution and the new sentence imposed … is to be served in the State correctional institution").

Appellant argues that he established the newly-discovered fact exception by demonstrating that he learned his PWID sentence was not running concurrently with his parole revocation sentence from the DOC summary, and cites to an unpublished memorandum, ***Commonwealth v. Gianquitto***, 2018 WL 1452458 (Pa. Super., filed Mar. 23, 2018) (non-precedential memorandum) (No. 849 MDA 2017), for support. ***See*** Appellant's Brief, 7 (unpaginated). An unpublished memorandum of Superior Court filed prior to May 1, 2019, may not be cited as authority. ***See*** Pa.R.A.P. 126(b) (unpublished memoranda filed after May 1, 2019, may be cited for persuasive value where clearly identified as such).[6] Appellant argues that he therefore

---

[6] In ***Gianquitto***, a divided panel held that Gianquitto had established the newly-discovered fact exception through a DOC summary indicating that his sentence of incarceration for his conviction of flight to avoid apprehension was not running concurrently "to his two-to-four year parole-revocation sentence." ***Gianquitto***, 2018 WL 1452458, \*1. The relevant trial court had explicitly ordered that the flight sentence run concurrently with the revocation term. ***Id.*** The divided panel found that the new fact was "Appellant learn[ing] that his sentences were not to run concurrently *as imposed*." ***Id.***, \*3 (emphasis supplied). The divided panel rested its determination that the alleged fact was newly-discovered on the specific circumstance presented that the trial court *had ordered the flight sentence to run concurrently*. In addition, the divided panel expressed concern that recent Commonwealth Court decisions indicated
*(Footnote Continued Next Page)*

pleaded "guilty to a sentence which could not be implemented." Appellant's Brief, 7 (unpaginated).

We find the premise of Appellant's asserted fact to be mistaken. The sentencing court did not order the PWID sentence to run concurrently with a revocation term. The sentencing court ordered that the sentence be served concurrently "with any other sentence [Appellant] is now serving or issued prior to the date of this sentence." Sentencing Order, 1. The revocation of Appellant's parole had not occurred at the time he was sentenced for PWID, as is apparent from counsel's plea to the sentencing court's discretion:

> I would ask Your Honor to consider imposing a sentence that is concurrent to whatever the parole board decides to do, and I understand that you don't have the jurisdiction, necessarily discretion, over what the parole board does, but he's going to be facing some significant time in this case and I'm not even sure what the parole board's decision will be, how much time he will lose or if he's going to be resentenced or what the case may be, but it could be significant.

N.T. Plea Hearing, 7/7/21, 10. The sentencing court explicitly referenced the expected revocation in its sentencing order, stating that it had "no objection to [the PWID] sentence being served with any previous sentence that results in a parole revocation." Sentencing Order, 7/7/21, 1. Accordingly, Appellant's PWID sentence was not *ordered* by the court to run concurrently with a future revocation back time sentence.

_____

a split of opinion on whether the DOC could override a sentencing court's order at all. ***See id.***, *4.

Appellant also mistakenly asserts that it was a term of his negotiated plea agreement that his PWID sentence would be run concurrently with his revocation of parole sentence. **See** Appellant's Brief, 6 (unpaginated); **see also** Appellant's PCRA Petition, 2/20/24, 4; Appellant's Amended Petition, 11/5/24, ¶ 14. The recited terms of the plea agreement, were:

> [W]e have reached an agreement whereby [Appellant] would plead guilty to count one, [PWID], an unclassified felony. In exchange for that plea of guilty, we are asking for a sentence of three to six years in a state correctional institute; that he pay the costs of prosecution; pay lab fees in the amount of $113 to the Pennsylvania State Police lab, Greensburg lab. Also, we are asking for a forfeiture and destruction of any and all evidence seized, and there is $1750 due … to the Lawrence County Drug Task Force.

N.T. Plea Hearing, 7/7/21, 2-3. Appellant's counsel confirmed that the "plea bargain [had] been accurately stated." **Id.**, 5. There was no *agreement* that Appellant's PWID sentence would be served concurrently with a parole revocation sentence. Rather, it was an exercise of the sentencing court's discretion to order the sentence to run concurrently "with any other sentence [Appellant] is now serving or issued prior to the date of this sentence." Sentencing Order, 1. As discussed, the court could not grant Appellant's request that it also order the sentence to run concurrently with the anticipated revocation term, and only stated, in the order, that it had no objection to the PWID "sentence being served with any previous sentence that results in a parole revocation." **Id.** Clearly that was not a binding order, much less a term of the negotiated plea agreement.

Appellant's serial petition was untimely filed. Appellant failed to demonstrate that the newly-discovered fact exception to the PCRA time bar applied to a fact he had known since the day he was sentenced. The PCRA court therefore had no jurisdiction to review Appellant's ineffectiveness claim.

Order affirmed.


Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

2/3/2026